---

(No. 14291.—Reversed and remanded.)
THE CITY OF TAYLORVILLE, Appellee, *vs.* THE CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Appellant.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. CONSTITUTIONAL LAW—*when statute violates provision for due process of law.* It is essential to due process of law that every person whose property rights are to be affected shall have notice and an opportunity to be heard and to defend, enforce and protect his rights, and a statute providing that a defendant shall pay a certain sum as damages for a negligent act, without a notice or a hearing as to the amount of such damages, violates the constitutional provision.

2. APPEALS AND ERRORS—*when court of review will not confine itself to positions taken by counsel.* In cases where private rights, alone, are involved, courts of review ordinarily decide questions submitted by counsel and do not go outside of or beyond such questions; but where the positions taken by counsel as to the construction of a statute of general public interest are incorrect, the case will not be decided on the views of the counsel where the validity of the statute is involved.

3. WORKMEN'S COMPENSATION—*third party sued by employer under section 29 may question liability and amount of damages.* In a suit authorized by section 29 of the Compensation act by an employer against the third party whose negligence is claimed to have caused the injury to the employer's servant for which compensation has been awarded, the award is admissible in evi-

dence to fix the maximum limit of the recovery; but the defendant is entitled to contest the question of his liability and also the amount of damages, as to hold that section 29 is conclusive upon those questions would render it unconstitutional.

4. SAME—*theory of the Workmen's Compensation act.* The Workmen's Compensation act does not rest on the theory of negligence but on the theory that injuries to workmen and death caused by accident in any occupation shall be regarded as a part of the expense of the business.

APPEAL from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

VAUSE & KIGER, (HOGAN & REESE, of counsel,) for appellant.

C. A. PRATER, City Attorney, and LESLIE J. TAYLOR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the city of Taylorville, recovered a judgment in the circuit court of Christian county against the appellant, the Central Illinois Public Service Company, for $1115.16, which the appellee had paid to its employee, John O'Brien, under the Workmen's Compensation act, for an injury which arose out of and in the course of his employment by the appellee, which injury was alleged to have been caused by negligence of appellant. An appeal was prayed to this court and was allowed for the reason that the validity of a statute is involved.

The suit was brought under the following provision of section 29 of the Workmen's Compensation act: "Where an injury or death for which compensation is payable by the employer under this act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay

damages, such other person having also elected to be bound by this act, or being bound thereby under section three (3) of this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee." (Laws of 1917, p. 509.)

The declaration alleged that on July 10, 1919, John O'Brien was employed by the plaintiff in the street department, under the general direction of the superintendent of streets; that the defendant was engaged in the business of generating and distributing electric currents in the city and occupied streets and alleys for that purpose and for the support and maintenance of electric wires; that through negligence of the defendant in failing to remove from the street a broken wire charged with electricity, O'Brien, while engaged in his duties and in the exercise of due care and caution for his own safety, came in contact with the wire and became shocked, burned and blistered to such an extent that he lost the use of two fingers of his right hand; that O'Brien filed an application with the Industrial Commission for compensation under the Workmen's Compensation act; that the plaintiff contested the application, and the Industrial Commission made an award to O'Brien of $12.05 per week for 93 weeks and four days, in addition to $339.25 previously paid by plaintiff, as compensation; that afterward, on petition of O'Brien, the Industrial Commission entered an order commuting the award to $777.51 in addition to the $339.25 already paid; that the plaintiff, the defendant and O'Brien were all operating under the Workmen's Compensation act, and that plaintiff paid the award.

On the trial evidence was given tending to prove each allegation of the declaration, and the question arose whether

the amount paid by the plaintiff to O'Brien was the measure
of damages for which the defendant was liable in conse-
quence of its negligent act. The court held that it was, and
that if the plaintiff was entitled to recover, the statute fixed
the amount of recovery. The validity of section 29 was
challenged as a violation of section 2 of the bill of rights
of the constitution, which provides: "No person shall be
deprived of life, liberty or property, without due process of
law." The defendant attempted to raise a question of the
amount of damages resulting from the alleged negligent act
by cross-examination and by evidence on that subject, but
the court sustained objections in each case. The court gave
four instructions, in one of them reciting the portion of
section 29 above quoted, and in all of them advising the
jury that if they found O'Brien was injured and suffered
damages while in the exercise of due care and caution for
his own safety and engaged in his duties as an employee
of the plaintiff, and the proximate cause of his injury was
negligence of the defendant, the plaintiff was entitled to re-
cover the amount of compensation fixed by the Workmen's
Compensation act and the jury should assess damages in
the amount which the plaintiff had paid to O'Brien.

Counsel for both parties interpret section 29 as authoriz-
ing an action for the amount of an award made under the
Compensation act, and their arguments are devoted to the
question whether such a provision violates the constitutional
guaranty safeguarding property rights by providing that no
person shall be deprived of the same without due process
of law. As so interpreted the section would violate the
constitutional provision. It is an essential of due process of
law that every person whose property rights are to be af-
fected shall have notice and an opportunity to be heard and
to defend, enforce and protect his rights. The Workmen's
Compensation act makes no provision for notice to a third
party nor duty nor opportunity to be heard or to contest the
amount of compensation to be awarded, and the defend-

ant had neither notice nor hearing before the administrative body that fixed the amount to be allowed. A statute providing that the defendant should pay a certain sum as damages for its negligent act, without notice or a hearing as to the amount of such damage, would violate the constitution. Campbell v. Campbell, 63 Ill. 462; Gage v. City of Chicago, 225 id. 218; Hultberg v. Anderson, 252 id. 607; 6 R. C. L. 450; 12 Corpus Juris, 1195.

In cases where private rights, alone, are involved, courts of review ordinarily decide questions submitted by counsel and do not go outside of or beyond such questions; but this case involves the validity of a statute of general public interest, and it ought not to be decided on views of counsel which do not appear to be correct. We do not find in the act any warrant for saying that the judgment is to be for the amount of compensation awarded by the Industrial Commission to an injured employee. The action is not to enforce any liability of the employer to his employee created by the Workmen's Compensation act, but if the employer is not at fault section 29 gives to him the right to maintain an action for damages resulting from the wrongful act of a third person. The Workmen's Compensation act does not rest on the theory of negligence, but on the theory that injuries to workmen and death caused by accident in any business shall be regarded as a part of the expense of the business and be borne by the business. The Workmen's Compensation act fixes arbitrary standards regardless of actual damage, and the section gives to the employer a right of action against a third party for the amount of damage resulting from the negligent act of such party, which is the same action which the employee would have had but for the prohibition of section 6. Whether the language of the section concerning subrogation is accurate in view of section 6, which prohibits an action by the employee, so that he has no right of action to which the employer succeeds or in which he is substituted, the provision

301—11

is plain that the employer shall have a right of action for negligence causing the injury or death of his employee. Section 6 prohibits an action by any employee within the provisions of the act, or anyone dependent upon him, or his legal representatives, to recover damages for an injury. This was held in *Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413, to prohibit such action against a third party, and this question was considered and the decision adhered to in *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76. The condition of section 29 is, that there shall be a legal liability for the injury in some person other than the employer to pay damages, in which case the employer may bring an action against such person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under the act. The language of the act is, that the amount recovered shall not exceed the aggregate amount of compensation payable under the act; and necessarily that would be so, because the amount paid by the employer is the limit of the damages suffered by him, regardless of the amount of the actual damage, which may greatly exceed such sum. Proof of the award by the Industrial Commission is admissible, not to prove damages or fix the amount to be recovered but to establish a limit to the recovery. It was for the plaintiff to prove the facts creating a legal liability of the defendant for damages and the resulting damage, just as O'Brien would have been called on to make such proof if his right of action had not been transferred to the plaintiff, and the defendant had a right to contest the same. The rulings of the court during the trial and the instructions to the jury as to the law were wrong.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*