(No. 14839.—Appellate Court reversed; superior court affirmed.)

JACOB BAUER *et al.* Appellants, *vs.* RUSETOS & CO., Appellee.

*Opinion filed February 21, 1923.*

1. WORKMEN'S COMPENSATION—*when employer may bring suit against third party where compensation is payable in installments.* The amount which an employer is entitled to recover against a third party under section 29 of the Compensation act is not limited to the amount of compensation paid but is the aggregate amount of compensation which has been fixed and awarded to the employee, and the employer is not required to wait until the separate installments of the award become due and are paid by him but may bring his suit as soon as the entire amount has been ascertained and may recover damages not exceeding the aggregate amount payable.

2. SAME—*the Statute of Limitations runs against employer the same as against injured party.* The same Statute of Limitations applies to a suit brought by the employer under section 29 of the Compensation act against a third party injuring the employee which would have applied to the employee if his right of action had not been transferred to the employer.

3. WORDS AND PHRASES—*meaning of the word "aggregate."* The word "aggregate" in common use means the entire number, sum, mass or quantity of anything.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

ALFRED ROY HULBERT, for appellants.

FRANK M. COX, and HARRY SIMONS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is another action under the provisions of section 29 of the Workmen's Compensation act which discloses the difficulties and complications that arise under that section. John Haupt was an employee of Jacob Bauer and Charles Bauer, doing business as Jacob Bauer & Son. Employer and employee were subject to the Compensation act. October 29, 1919, Haupt, while engaged in the line of his employment, was injured by a motor truck driven by a servant of Rusetos & Co., a corporation, which was also subject to the act. The Bauers brought this action under the first clause of section 29 against Rusetos & Co. to recover damages not exceeding the amount of compensation payable under the act. The declaration was in appropriate form and its averments need not be set out. Defendant pleaded the general issue. That all the parties were subject to the Compensation act is conceded. That the injury was not proximately caused by the negligence of the employer or employee but was caused under circumstances which created a legal liability for damages against the defendant is not questioned. Haupt was a painter and was employed in painting a canopy extending over the sidewalk in front of a building. While doing the work he stood on a plank approximately ten feet above the sidewalk, which was supported by two "horses." Defendant's servant drove his truck in such a manner as to strike the plank and throw Haupt to the sidewalk, causing serious injury. The suit was commenced by plaintiffs before the award was fixed and determined, but no point is raised on that account. The compensation awarded Haupt against plaintiffs by the Industrial Commission was $12 a week for 291 weeks, one week at $8, and thereafter a pension for life of $23.33 per month. Plaintiffs recovered a

judgment in the superior court of Chicago against the defendant for $6299.60. Defendant appealed to the Appellate Court. That court held plaintiffs could not recover more than the amount actually paid on the award up to the time of the trial, which was $1051. The judgment of the superior court was reversed and the cause remanded. Plaintiffs filed a motion, supported by affidavit, that no controversy of fact remained, that no other or different proof could be made on a re-trial, and the Appellate Court thereupon entered a judgment of reversal, only. That court granted a certificate of importance, and plaintiffs have prosecuted an appeal to this court.

The award of $8 for one week and $12 for 291 weeks aggregates $3500. The award was received in evidence without objection. Plaintiffs then sought to prove by the Northampton and Carlyle tables of mortality the expectancy of life of the employee. Objections of defendant to that evidence were sustained. The employee was fifty-two years old, and by the Northampton table the expectancy of one of that age is seventeen years and by the Carlyle table nineteen years. Plaintiffs then proved by physicians, without objection, that the expectancy of the employee in his injured condition was fifteen years. The verdict and judgment in the superior court represent the aggregate of $3500 payable in weekly installments, and $2799.60 payable as a pension for the remainder of his expectancy of life.

Section 29 authorized a recovery by plaintiffs of the "damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee." The recovery is limited to the damages sustained, which in no event can exceed the aggregate amount of compensation payable under the act. Necessarily, the damage plaintiffs sustained could not exceed the amount of compensation payable. It is argued by plaintiffs (hereafter called appellants) that when the award is fixed and is made payable in installments

extending over a period of years, the recovery should be for the damages not exceeding the aggregate amount of the installments, and that the recovery may be had when the compensation payable is fixed, without regard to whether or not it has been paid when the action was begun. Appellee contends the question here presented was decided in *City of Taylorville* v. *Central Illinois Public Service Co.* 301 Ill. 157. In that case the award was commuted to a lump sum, which the employer paid, and then sued the public service company, whose negligence, it was alleged, caused the injury to the employee. The plaintiff claimed the award was the amount it should recover, and the trial court so held. This court reversed the judgment, and held proof of the award was competent not to fix the amount to be recovered by the employer but to establish a limit to the recovery; that the plaintiff was required to prove the facts creating the liability of the defendant for damages, just as the injured employee would have had to do if his right of action had not been transferred to the plaintiff. That case held the award fixed is the limit of the recovery, but to entitle plaintiff to recover the amount of the award it must be proved the damages sustained by the employee were as much as the compensation awarded. If the proof shows the damages the employee sustained were less than the award, then the recovery cannot be for the full amount of the award. The court said: "The language of the act is, that the amount recovered shall not exceed the aggregate amount of compensation payable under the act; and necessarily that would be so, because the amount paid by the employer is the limit of the damages suffered by him, regardless of the amount of the actual damage, which may greatly exceed such sum." Much importance is attached by appellee to the use of the word "paid" in that sentence, and it is claimed that was an adjudication that in no case of this character can the plaintiff recover more than he has paid at the time of the trial, without regard to the damages proved and the amount of

the award. What was said in that case was strictly correct as applied to the facts there existing. The award commuted to a lump sum had been paid, and in no event was the plaintiff entitled to recover more than it had paid, but the recovery, depending on the proof, might be for a less amount. That case does not determine the question here presented.

The statute fixes the limit of the recovery at the damages sustained, not exceeding the aggregate amount of compensation under the act. When the award of compensation, as here, is made payable in installments extending over a period of several years, does the statute authorize the recovery of the "aggregate amount of compensation payable under this act" as soon as the award is made? Does section 29 contemplate that when the award is fixed and determined the employer has suffered damages to the "aggregate amount of compensation" which he is required to pay in installments extending over a period of years, and that the "aggregate amount" of the compensation awarded fixes the limit of the recovery? Appellee contends if that construction is given the statute it would be possible for the employer to recover more than the damages he sustained where the compensation is payable in installments, because the death of the employee, leaving no dependents, might occur before the expiration of the period for which the employer was required to pay compensation in installments; also that here the payment by appellants of installments extends over a period of several years, and the recovery of the aggregate amount before they become due or are paid would give the employers the benefit of the use of the money, exceeding the compensation paid when judgment was rendered, without interest, which in a case like this would be a substantial sum. It may also happen that the injured employee, Haupt, may live beyond the time found to be his expectancy of life, and appellants would be compelled to pay the installments until his death, in which case they would pay more than the

amount recovered. The Compensation act also provides for a review of the award to determine whether the disability has increased, decreased or ended. Such are possibilities if the statute authorizes the recovery of the aggregate amount of the compensation awarded, which is fixed as the limit of the recovery. When the employee had a right of action against a third party who injured him under circumstances creating a liability for damages he could recover all damages sustained, past, present and future. In such cases one basis of damages recoverable is the effect of the injury on his future ability to perform work during the remainder of his life. It may happen, after a judgment is recovered and paid, the injured party may recover his former ability to work, or he may die from other causes than the injury immediately after collecting his judgment. In either event the party who injured him and paid the judgment could not recover any part of the money back, yet that possibility does not affect the amount a party injured is entitled to recover.

Section 29 has been sustained as a constitutional act in repeated decisions of this court and its validity is not here questioned. We are called upon only to determine what amount the statute authorizes appellants to recover judgment for in their suit against appellee. We have nothing to do with the wisdom or justice of the act.

Section 29 was considered by this court in *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76, where it was said the statute does not contemplate payment of compensation to the employee before his right of action is subrogated or transferred to the employer; that the employer is limited in his right to recover to the aggregate amount of compensation payable under the act, and he may at once, after the compensation is fixed in a proceeding by the employee against the employer, bring suit against the third party who caused the injury and recover "the amount payable under the Compensation act to such employee without first having paid the employee the compensation awarded." This was

substantially reiterated in *Gones* v. *Fisher,* 286 Ill. 606, where the court said : "The statute permitted the employer to sue the negligent party for such damages, where all three of them were under the Compensation act, as soon as the amount of the compensation for the employee was determined and fixed, whether paid in full by the employer or otherwise. The evident reason for such a provision in the statute was to prevent the running of the Statute of Limitations against the employer in his suit against the party causing the injury and to preserve to the employer the right to pay the compensation to his employee in installments extending in many cases through years, as contemplated by other provisions of the Compensation act."

Although the precise question here under consideration was not involved in those cases, the meaning and intent of section 29 was involved, and what was said in those cases was pertinent to a decision of the questions presented in them. We are of opinion the statute was correctly construed in those cases, and their authority remains unaffected by subsequent decisions. The Compensation act expressly provides compensation may be made payable in installments, which in many cases may extend over a period of years. Under the decisions of this court the employer may immediately, when the compensation is fixed, bring his suit under section 29 to recover the damages sustained, in an amount not exceeding "the aggregate amount of compensation payable under this act by reason of the injury" to the employee. It will be observed the employer is authorized to sue and recover not to exceed the "aggregate amount of compensation payable" under the act. The recovery is not limited to the amount of compensation paid, but is for the aggregate amount of compensation payable. The legislature knew it had provided that compensation might be made payable in installments extending over a period of years, and the use of the language "aggregate amount of compensation payable" seems clearly to indicate the purpose was to author-

ize the recovery of the award fixed in cases where it was payable in installments, and that is what the court decided in the *Friebel* and *Gones cases.* "Aggregate" is a word in common use and its meaning is well understood. Lexicographers define "aggregate" to mean "a mass, assemblage or sum of particulars;" "the totality of all points or numbers that satisfy a given condition, as the aggregate of rational numbers;" "the entire number, sum, mass or quantity of something; amount; complete; whole." In view of the well known meaning of the word, we do not see how it can be given any other meaning, considering the manner in which it was used in the statute, than that the total sum or amount of an award payable in installments over a period of time can be recovered by the employer when it becomes fixed and payable. When the amount is fixed and made payable in installments, then damages, not exceeding the aggregate amount payable, may be recovered from the person who caused the injury to the employee. That we construe to be the plain meaning and intent of section 29, and whether it is a wise and just enactment is a legislative question.

Appellee contends for a construction of section 29 which would authorize successive recoveries of installments as they became due and were paid by the employer. It is argued that the rule that where money is payable in installments a cause of action arises when each installment becomes due, and a recovery of one installment will not bar a recovery for another installment which falls due after a suit is begun or judgment recovered for the first installment, should be applied. It is contended the first judgment would be an adjudication in subsequent suits as to all questions which were or might have been litigated between the same parties. As we interpret the statute only one suit is authorized by it, and we cannot read into it something the legislature did not contemplate or intend. Besides, if we were to do so a very serious question of the Statute of Limitations might arise when suit was brought more than two years after the

injury of the employee. The same Statute of Limitations applies to a suit brought by the employer which would have applied to the employee if his right of action had not been transferred to the employer. If the first suit for installments paid would be an adjudication of the question of the third party's liability for damages to the employee it would not be as to the amount of the damages to him. We held in the *Taylorville case, supra,* that to authorize the employer to recover he must prove damages sustained by the employee, and the statute limits the recovery to an amount not exceeding the aggregate amount of compensation payable under the act. If the first suit for an installment of compensation paid would in subsequent suits be *res judicata* of the legal liability of the party who injured the employee, it could not be as to the damages to the employee. In no event can the damages recoverable by the employer exceed the aggregate amount of compensation payable under the act, but it may be for a less sum if the damage sustained by the employee was a less amount. It would be necessary in every suit brought to recover an installment to at least prove the damages sustained by the employee, and as each suit would be the transferred right of action of the employee to sue for a personal injury, the two-year Statute of Limitations might be held to be a bar to any suit brought more than two years after the injury occurred. We do not determine that question but merely suggest it as a possible reason against the construction contended for by appellee. However, a better and sufficient reason is that the statute affords no warrant for construing it to authorize more than one suit by the employer.

The judgment of the Appellate Court is reversed and the judgment of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*