[No. 20714.  Department Two.  January 6, 1928.]

THE STATE OF WASHINGTON, *Appellant*, v. COWLITZ
COUNTY, *Respondent*.[1]

[1] STATUTES (18)—SUBJECT AND TITLE—WORKMEN'S COMPENSATION
ACT—ASSIGNMENT OF CAUSES OF ACTION. The title of the work-
men's compensation act "relating to the compensation of in-
jured workmen and their dependents" and providing for the
"creation and disbursement of funds" for that purpose, is suf-
ficient to embrace § 7675, giving an election and providing for
an assignment to, and a right of action by, the state, in case
of liability of third persons for injury to employees away from
the plant of the employer.

[2] MASTER AND SERVANT (121-2)—STATES—REMEDIES UNDER WORK-
MEN'S COMPENSATION ACT—ACTION BY STATE. Under the ex-
press provision of Rem. Comp. Stat., § 7675, the state may
prosecute an action against a county causing an injury to an
employee in extra-hazardous work while away from the plant
of the employer, upon the employee's election to take under
the act and assignment of his claim to the state.

[3] MASTER AND SERVANT (122)—REMEDIES UNDER WORKMEN'S COM-
PENSATION ACT—DEFENSES. In an action by the state against a
county, to recover the amount of a widow's claim for com-
pensation under the workmen's compensation act, to which the
state was subrogated under Rem. Comp. Stat., § 7675, it is no
defense that the claim filed by the widow with the county was
not valid, or that the action was not brought within time.

Appeal from an order of the superior court for
Cowlitz county, Kirby, J., entered March 4, 1927, dis-
missing an action by the state for subrogation under
the workmen's compensation act, upon sustaining a
demurrer to the complaint. Reversed.

*The Attorney General* and *Mark H. Wight, Assist-
ant,* for appellant.

*Fisk & McCarthy,* for respondent.

MAIN, J.—This action was brought in the name of
the state to recover from Cowlitz county an amount

[1]Reported in 262 Pac. 977.

equal to the liability imposed upon the accident fund, under the workmen's compensation act, for the death of Robert A. Titland. To the complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further and elected to stand upon the complaint, and from the judgment entered dismissing the action, appeals.

Only a brief summary of the facts alleged in the complaint is necessary to present the question here for determination. Robert A. Titland was killed on January 3, 1923, when the bridge across the Cowlitz river collapsed. He was, at the time, engaged in extra-hazardous work and was away from the plant of his employer. He left surviving him a widow and two minor children. The complaint charges that the cause of death was the negligence of the county. The amount for which recovery is sought is $6,500.

After the death of Mr. Titland, his widow filed a claim with the county and later with the department of labor and industries. On February 23, 1923, she elected to receive compensation provided by the workmen's compensation act and on this date assigned and transferred to the state, for the benefit of the accident fund, all rights and causes of action arising out of the accident. The claim was approved on April 16, 1923, and thereafter payments were made in accordance with the provisions of the workmen's compensation act. On January 26, 1925, the department of labor and industries presented to, and filed with, the board of county commissioners of Cowlitz county a claim for the amount charged against the accident fund, which was necessary to make the payments provided for in the compensation act. The claim was refused, and the present action was instituted.

[1] The first question is, whether the title of the workmen's compensation act is broad enough to in-

clude the provision therein relative to the assignment of causes of action and the provision authorizing the state to maintain an action against the county after a claim has been assigned to it. The title of the act, among other things, recites that it is

"An act relating to the compensation of injured workmen in our industries, and the compensation to their dependents where such injuries result in death, creating an industrial insurance department, making an appropriation for its administration, providing for the creation and disbursement of funds for the compensation and care of workmen injured in hazardous employment."

It will be observed, from this quoted portion of the title, that it relates to compensation of injured workmen and their dependents and provides for the creation and disbursement of funds for that purpose.

Section 7675, Rem. Comp. Stat., [P. C. § 3470], which is one of the sections of the workmen's compensation act, contains this proviso:

"Provided, however, that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case. Any such cause of action assigned to the state may be prosecuted, or compromised by the department, in its discretion. . . . "

It was under this section that the assignment in the present case was made to the state, and it is the provisions of this section, relative to such assignments and the bringing of the action by the state, that it is claimed are foreign to the subject of the act as indicated by the title. The act being for the purpose of compensating injured workmen and their dependents and providing for the creation and disbursement of funds for that purpose, it would appear that the assignment of the claim and bringing of the action by the state, where the injury or death occurred away from the plant of the employer, were germane to the title. The assignment of the claim and the bringing of the action relate to the compensation and the method by which the department's disbursements may be recovered from the wrongdoer, when the accident happens away from the plant, and there has been an election to take under the compensation act and an assignment of the claim.

In *Archibald v. Northern Pacific R. Co.*, 108 Wash. 97, 183 Pac. 95, one of the questions was whether an amended section of the original act was within the title, which amendment provided that common carriers by railroad engaged in interstate or foreign commerce and the intrastate commerce, in all cases where liability did not exist under the laws of the United States, should be liable in damages to any person suffering injury while engaged by such carrier, to the "same extent and subject to the same limitations as the liability now existing, or hereafter created, by the laws of the United States governing recoveries by railroad employees injured while engaged in interstate commerce," and it was held that the subject matter of the amendment was germane to, and sufficiently included in, the title of the act. It was there said:

"This, being an act relating to the compensation of injured workmen, is comprehensive enough to include all manner of compensation for such workmen and all the means by which such compensation may be obtained. The title does not indicate that the only compensation provided for is that which is obtained through industrial insurance, although we popularly speak of the act as an industrial insurance act. The act provides for compensation by industrial insurance in certain cases, and also provides for the obtaining of compensation by injured workmen from their employers by legal action, and in the section to which we are now confining our attention, provides, among other things, the defenses available to such employers."

The provisions with reference to the assignment of claims and the bringing of the action by the state are as germane to the title as was the amendment which was approved in that case. We think that the title of the act is not defective as to either of the matters complained of.

[2] The next question is whether the state has a right to bring an action against the county. The excerpt from § 7675 above quoted provides that "any such cause of action assigned to the state may be prosecuted, or compromised by the department, in its discretion." Here is an express authorization to the department of labor and industries to prosecute the action. By § 7692 [P. C. § 3485] the county, when it is engaged in extra-hazardous work, is definitely brought within the provisions of the act. Even though the statute does not say that the action should be brought in the name of the state, that is the necessary implication. The county being within the act when engaged in extra-hazardous work, there does not appear to be any reason why there should not be the same remedy against it as against an individual causing an injury to a workman engaged in extra-

hazardous employment away from the plant of his employer. In *State v. Asotin County,* 79 Wash. 634, 140 Pac. 914, it was held that an action in mandamus, in the name of the state, could be brought against the county to collect the amount assessed against the county for horticultural inspection, even though the statute did not expressly authorize the bringing of the action in the name of the state. It was there said:

"It is argued that the state cannot maintain this action because the legislature has not authorized it. Section 4 of the act of 1911, above quoted, instructs the *Attorney General* to bring the action. But it is claimed that, since the statute does not specify that it shall be brought in the name of the state, it cannot be so brought. This contention cannot be sustained. By § 1 of art. 3 of the constitution, the *Attorney General* is made one of the executive officers of the state. By § 21 of this article, it is provided that he shall be the legal adviser of the state officers, and shall perform such other duties as may be prescribed by law. The function of this officer is to represent the state in legal matters and proceedings. When the legislature directed him to bring an action against any county or counties for the purpose of collecting moneys which, by § 3 of the act, were made due and payable to the state treasurer, it was certainly contemplated that such action would be instituted in the name of the state, whose representative and counselor the attorney general is."

The reason that the court held, in that case, that a common law action could not be maintained, but that one in mandamus could, arose from the particular provisions of the statute there under consideration. The objections to the common law action, as pointed out in that case, are not present in the case now under consideration. We think the state has the right to maintain the action.

[3] Finally, it is contended by the respondent that the action cannot be maintained because the claim filed

by the widow with the county was not valid and the action was not brought within time. Whether the claim filed by the widow with the county was sufficient is not material. While the basis of the action is negligence, the state is limited in its recovery by reason of the subrogation authorized by the statute to an amount sufficient to indemnify it for the charge made against the accident fund. Honnold on Workmen's Compensation, vol. 1, § 46, referring to the act of the state of New York which has a provision similar to the act of this state, says:

" 'Subrogation,' within this Act, does not mean substitution, but means rather indemnification, and therefore limits the amount recoverable by the state or insurer to the amount paid on the claim."

The state's cause of action is one which arose out of the statute and accrued when the widow elected to take under the act and her claim was approved.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

MACKINTOSH, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.