Morris Blumberg, Intervenor, *et al. v.* Susan V. Abbott.

*(Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

J. L. Levine and Joe V. Williams, for plaintiff in error, intervenor.

Finlay & Campbell, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is a proceeding to have a settlement ratified pursuant to the provisions of the Workmen's Compensation Act.

In the petition filed on May 11, 1929, by Mrs. Abbott, it is averred that her husband met his death accidentally in November, 1924, while in the employ of J. B. Pound, who was operating a hotel in Chattanooga under the name of Hotel Annex; that on February 7, 1925, she entered into a written agreement of settlement, a copy of which was filed with the Bureau of Workshop and Factory Inspection, by which the Travelers Insurance Company, who was carrying compensation insurance for Pound, agreed to pay her $8.85 per week for 400 weeks, same being thirty per cent. of the weekly wages which her husband was earning at the time of his death. It was also alleged that the Insurance Company had met said payments promptly, beginning the 30th day of November, 1924. She asked that said agreement be approved and made the judgment of the court.

Pound and the Insurance Company answered, admitting the allegations of the petition.

The deceased was a clerk in said hotel. On the night of November 29, 1924, one Cheney, while drunk, endeavored to force his way into said hotel, and when refused entrance shot Abbott, who died as a result of his injury

on December 2, 1924. There is no dispute about any of these facts.

On May 31, 1929, Blumberg filed an intervening petition in which it was alleged that on October 31, 1925, Mrs. Abbott, for the use of Pound and the Insurance Company, instituted suit against him in the circuit court to recover the sum which the Insurance Company had agreed to pay Mrs. Abbott, upon the theory that he had unlawfully sold Cheney the pistol and cartridges which he used in killing Abbott.

The trial court was of the opinion that Blumberg had no legal right to intervene in said proceeding, and, upon motion, dismissed his petition. This was correct. Blumberg was no party to that proceeding, had no interest in it, and is not bound by any judgment or decree entered therein. That is a controversy between Mrs. Abbott on the one hand and Pound and the Insurance Company on the other hand. If the Insurance Company sees proper to give Mrs. Abbott money to which she is not legally entitled, that in nowise concerns Blumberg. Blumberg's controversy is with the Insurance Company and not with Mrs. Abbott, and her rights should not be deferred in order that Blumberg may litigate the Insurance Company.

Blumberg can make the defenses in his suit with the Insurance Company that he proposes to make in this proceeding. If, as contended by him, the court is without jurisdiction to enter a judgment in favor of Mrs. Abbott against Pound and the Insurance Company, and said judgment is void, he can defend his suit upon that ground. It is well settled by our authorities that a void judgment can be attacked collaterally.

To state the matter differently, if Mrs. Abbott had no legal claim against Pound and the Insurance Company, and their payments to her were voluntary, then Blumberg can defend his suit upon that ground. In order for Blumberg to be bound by the judgment in the compensation case, it would have been necessary to make him a party thereto, or to have served notice upon him to defend same. Blumberg has lost none of his rights and is not prejudiced by this proceeding.

What we have said does not conflict with section 14 of the Compensation Act, which is in this language:

"That whenever an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this Act the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee in a suit brought for the purpose, from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee."

But for this provision the employer would have no cause of action against another person who is also legally liable for the injury. By its terms he is given the right to recover from such person the sum he has paid, or agreed to pay, to his injured employee for which he is legally liable.

To hold that an award in a compensation proceeding is conclusive on a person who is not a party thereto, or who has not been served with notice to defend the action, would be to deny him his day in court, and would result in depriving him of his property without due process of law.

The judgment of the trial court will be affirmed.