AMERICAN MUTUAL LIABILITY INS. CO. *v.* OTIS ELEVATOR COMPANY.*

(*Nashville.* December Term, 1929.)

Opinion filed January 20, 1930.

*Corpus Juris-Cyc References: Constitutional Law, 12CJ, section 220, p. 787, n. 96; p. 790, n. 2; Juries, 35CJ, section 169, p. 240, n. 46; Workmen's Compensation Acts,—CJ, section 8, p. 16, n. 18; section 169, p. 141, n. 8.

RANKIN, FRAZIER & ROBERTS, for plaintiff in error.

SHEPHERD, CARDEN, CURRY & LEVINE, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff in error is the insurer of the Chattanooga Warehouse and Cold Storage Company, under

a contract of workmen's compensation insurance, and avers in its declaration that it has become legally bound to pay compensation installments to the surviving widow and children of one John Johnson, an employee of the insured. This suit is to recover from the defendant in error, Otis Elevator Company, the sum of the compensation payments for which plaintiff in error is liable, on the ground that the death of Johnson was the proximate result of the Elevator Company's negligence.

The suit is grounded upon the provisions of the Workmen's Compensation Act, Acts 1919, chapter 123, section 14, which is as follows:

"That whenever an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this Act the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee in a suit brought for the purpose, from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee."

The circuit court sustained a demurrer to the declaration, which challenged the constitutionality of section 14 of the Compensation Act, and the constitutionality of the section is the question before us on this appeal.

■ The points of attack made by the demurrer are: (1) That the defendant in error is denied his right to have

the amount of the damages inflicted by him assessed by a jury; (2) that he has no day in court and is given no right to be heard with regard to the amount of compensation awarded or the right of the dependents of the deceased employee to recover it, and since the award is the measure of his liability to the employer or his insurer, the section operates to deprive him of his property without due process of law, and without compensation; all in violation of the Constitution, article 1, sections 6, 8, and 21.

On the brief of the defendant in error it is further insisted in this court that the provisions of section 14, for the reasons pointed out in the demurrer, operate to deprive persons of their property without due process of law and to deny to them the equal protection of the law, in violation of the Fourteenth Amendment to the Constitution of the United States.

Section 14 has heretofore been construed and applied in *Mitchell* v. *Usilton,* 146 Tenn., 419, and in *Bristol Telephone et al.* v. *Weaver,* 146 Tenn., 511; but the questions here made were not there considered.

Our investigation to determine the construction placed upon similar provisions of compensation statutes in other States discloses that the particular language of our statute is to be found only in the statute of Indiana (Acts 1915 (Indiana), p. 392, sec. 13). A statute of South Dakota containing the same language was amended so as to materially change the section, before construction by the Supreme Court of that State. *Dakota Central Telephone Company* v. *Mitchell Power Company,* 45 S. D., 462, 188 N. W., 750. The usual provision found in the statutes of other States is that the payment and acceptance of compensation operate as an

assignment to the employer of the injured employee's cause of action against the person whose wrongful act caused the injury, or entitle the employer to prosecute the injured employee's cause of action against the wrongdoer under the principle of subrogation. Some of the statutes provide that the limit of recovery in such an action is the amount of the compensation for which the employer is liable, while others provide that a recovery of damages in excess of the compensation payable by the employer shall inure to the benefit of the injured employee.

Section 13 of the Indiana compensation statute, as originally enacted, was identical with section 14 of our statute, except that it did not contain the words "in a suit brought for the purpose," which appear in section 14. It was construed by the Supreme Court of that State in *Employers' Liability Assurance Company* v. *Indianapolis & Cincinnati Traction Company,* 195 Indiana, 91, 144 N. E., 615. The court held that the statute did not create "a new right of action" in favor of the employer, but merely authorized the employer, in his own name or in the name of the injured employee, to institute and prosecute the injured employee's cause of action. The suit of the employer was accordingly held subject to the same Statute of Limitations as if it had been brought by the injured employee in his own name and right, as an action for damages for personal injuries. The construction given to the section is embodied in the following paragraph from the opinion of the Supreme Court of Indiana:

"Neither do we think that in any event a new right of action could be created by the language of section 13 of the act under consideration, as follows: 'If com-

pensation is awarded under this act the employer having paid the compensation or become liable therefor, may collect in his own name or that of the injured employees from the other person *in whom legal liability for damages exists* (our italics), the indemnity paid or payable to the injured employee.' Sec. 8020w, Burns' Supp., 1918, *supra*. This carries no intimation of a purpose to create a new right of action with a corresponding 'legal liability for damages' not subject to the limitation of time allowed for bringing suit thereon as for a personal injury. On the contrary, it expressly refers to the enforcement of a legal liability that 'exists,' and nothing more, merely providing in whose name it may be enforced and for what purpose.''

The obvious effect of this construction of the section is that the clause conferring upon the employer the right to ''collect'' from the ''person in whom legal liability for damages exists the indemnity paid or payable to the injured employee,'' authorizes a recovery by or for the employer only of such damages as the injured employee could have recovered for the injury suffered by him, up to and not exceeding the amount of the indemnity paid or payable by the employer, and the legal liability of the person wrongfully responsible for the injury is in no way nor amount increased by the statute.

We think this is the true and reasonable construction of section 14 of our statute. The legal liability of a wrongdoer for damages for injuries caused by his tort is determined by the injury inflicted and the consequences naturally and proximately following therefrom. Unless forced to do so by express provision of statute, we would not impute to the Legislature an intention to make the measure of this liability dependent on a sub-

sequent election of the injured person to claim or refuse compensation from another source, to the prejudice of the person liable. To so construe section 14 would clearly render it subject to the constitutional objections urged by the demurrer and by the brief of the defendant in error. It is the duty of the court to give to the statute that reasonable construction which will not destroy it, and it is not to be presumed that the Legislature intended to enact a provision in conflict with the constitutions of the State and Nation. *Riggins* v. *Tyler,* 134 Tenn., 577, 581-583, and cases there cited.

Section 14 purports to deal only with injuries "sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto." This has reference to a legal liability under the general law of torts, and not a legal liability created by the compensation statute. And the provision authorizing a suit by the employer of the injured person permits it to be brought against "the other person in whom legal liability for damages exists." Here also the reference is to a legal liability created by the law with respect to torts, and it is this liability only which may be enforced at the suit of the employer. In such a suit the employer may "collect" the indemnity paid or payable to the injured employee. The word "collect" is not a term usually found in statutes creating legal liability, and imports an act of payment without reference to the legal grounds on which payment may be demanded. We think the clear and necessary inference is that the employer may "collect" the indemnity from the person "in whom legal liability for damages exists," only to the extent of that legal liability, and the

measure of that liability is the right of the injured person to damages under the general law of torts.

In an action brought by or for the employer, under section 14, therefore, the legal liability of the defendant and the measure of damages are the same as if the action had been brought by the injured employee, to determine which the parties are entitled to a jury; and if damages to which the injured employee is entitled are less than the compensation paid or payable by the employer, his recovery will be limited accordingly. If the damages to which the injured employee would have been entitled are greater than the amount of compensation paid or payable, the recovery will nevertheless be limited to the latter amount by the terms of the statute.

In *Blumberg* v. *Abbott,* 159 Tenn., 586, 21 S. W. (2d), 396, it was held that a third person, not a party to an action for an award of compensation, is not bound by the adjudication therein; and that in an action by an employer, under section 14 of the compensation statute, his liability for compensation and the amount of such liability, may be questioned and disputed in defense of the action. It follows therefore that in such an action the employer must allege and prove his liability for compensation, and the amount thereof, as well as the other facts upon which the defendant's liability is dependent.

On the brief of defendant in error, it is urged against the validity of section 14, that the employer, having become liable for compensation, "may recover the full amount of the liability, and have execution and collect the full amount, although he is. paying out compensation to the injured employee by the week." Since the payment of compensation installments may be termi-

nated after award, upon contingencies defined by the compensation statute, it may result that an employer would recover in an action under section 14 more than he is ultimately required to pay as compensation. This possibility is not, however, fatal to the validity of the section.

In *Bauer* v. *Rusetos & Company,* 306 Ill., 602, 138 N. E., 206, the Supreme Court of Illinois construed a similar provision of the Illinois compensation statute to authorize a recovery of the entire amount of compensation payable, in advance of payment of deferred installments. Reasons there given for the construction adopted seem to us to sustain the validity of the provision. The court there said:

". . . When the employee had a right of action against a third party who injured him under circumstances creating a liability for damages, he could recover all damages sustained, past, present, and future. In such cases one basis of damages recoverable is the effect of the injury on his future ability to perform work during the remainder of his life. It may happen, after a judgment is recovered and paid, the injured party may recover his former ability to work, or he may die from other causes than the injury immediately after collecting his judgment. In either event the party who injured him and paid the judgment could not recover any part of the money back, yet that possibility does not affect the amount a party injured is entitled to recover."

The fact of his liability to pay compensation is a sufficient basis for the right conferred upon the employer to prosecute the employee's right of action for damages. A wrongdoer who has rendered himself liable in damages has no just cause for complaint that the right to en-

force his liability is conferred upon one who affords relief to the injured person or his dependents under the provisions of the compensation statute.

As we construe section 14, therefore, the measure of the liability of the defendant in error for the wrongful act pleaded is not increased, and his constitutional rights to due process of law are in no sense impaired. The constitutional objections to this section of the statute above stated are accordingly held to be without merit.

The judgment of the circuit court sustaining the demurrer to the declaration, and holding section 14 of the compensation act unconstitutional, will be reversed, and the case remanded for further proceedings. The costs of the appeal will be paid by the defendant in error.