[No. 25526.   Department Two.   August 29, 1935.]

THE STATE OF WASHINGTON, *Appellant*, v. NEWTON VINTHER, *Respondent*.[1]

[1]Reported in 48 P. (2d) 915.

*The Attorney General* and *V. D. Bradeson* (of counsel), for appellant.

*Danson, Lowe & Danson,* for respondent.

HOLCOMB, J.:—On a former appeal, *State v. Vinther,* 176 Wash. 391, 29 P. (2d) 693, the case was reversed because of the error of the lower court in holding that the action was barred by the statute of limitations and remanded for further proceedings.

On remand, respondent answered to the complaint of appellant, among other matters, after denying liability for negligence, admitted that McNaught Davis was a deputy sheriff of Spokane county; admitted the collision; admitted that Lillian McNaught Davis, his widow, signed the document attached as an exhibit to the complaint of appellant, which, among other things, reads:

" . . . hereby assigns and transfers unto the state of Washington, for the accident and medical aid funds, any and all rights or causes of action, claims or demands against any and all persons, firms, or corporations, arising out of the injuries above described.

"Date, July 16th, 1928.

"Lillian McNaught Davis (Sgd)
Wife
" (State relationship to workman)
"Address E. 2728 Hoffman Street
Spokane, Washington.

"Witnesses
"L. E. Wyland (Sgd.)
"Elizabeth L. Wyland (Sgd.)"

The first affirmative defense alleged in the answer is: That, on October 15, 1928, the administratrix of the estate of the deceased, Lillian May McNaught Davis, the widow, commenced an action against this defendant to recover damages for the death of the deceased, in which it was alleged that he left surviving him one

dependent son; that this action was tried, resulting in a judgment for the plaintiff in the sum of $2,550, which was paid. It is alleged that this plaintiff is estopped to prosecute the action and that the judgment of the former action is *res judicata,* as between this plaintiff, claiming through its assignor, and this defendant. The second affirmative defense pleaded contributory negligence of the deceased.

Demurrers were interposed by appellant to the first and second affirmative defenses and overruled. Appellant then replied, denying the allegations of contributory negligence, but not answering the affirmative defense which pleaded the former case.

Respondent then moved for judgment on the pleadings, which was granted and the action dismissed.

The errors assigned by appellant on appeal are in overruling its demurrer to the affirmative defenses; in granting respondent's motion for judgment on the pleadings; and in not granting appellant judgment on the pleadings.

The positions of respondent, sustained by the lower court, were: First, that, assuming the widow had some right or cause of action to assign, there is but one cause of action for wrongful death, and that, where the widow assigned her claim and then, as administratrix, brought suit for damages for the benefit of the minor son, that was a splitting of the causes of action which could not be done and which estopped her and her assignee; second, the cause of action for wrongful death under the statute vests in the personal representative alone, and the widow as an individual has no cause of action for death to assign; consequently, the state, by the purported assignment to it, could not maintain this action.

The affirmative answer also showed that the action was prosecuted on behalf, and for the benefit, of Eric

McNaught Davis, of the age of sixteen years, a minor, entirely dependent upon the deceased. The pleadings also showed that the deceased left, besides his widow and his son Eric, two sons, Reginald aged 11, and Donald aged 8.

Before any action was begun for the benefit of the son Eric, the widow elected to take compensation for herself and the two children under sixteen years, and assigned the interests of herself and those two beneficiaries to the state.

Under Rem. Rev. Stat., § 7675 [P. C. § 3470], the assignment is a statutory one. The son Eric, being over the age of sixteen years, could not have been a beneficiary under the workmen's compensation act, *supra*. Whatever rights he had were for damages for the tort of respondent under Rem. Rev. Stat., § 183-1 [P. C. § 8260] and § 194 [P. C. § 8275]. Rem. Rev. Stat., § 7679 [P. C. § 3472], provides for the benefits for a widow and minor children under the age of sixteen years in certain prescribed amounts but none for children over the age of sixteen years.

The pleadings further show that, after investigating the matter, appellant settled with the widow of the deceased for the benefit of herself and the two minor and dependent children, Reginald and Donald, on about July 18, 1928, in the amounts prescribed by § 7679, *supra*. It is alleged that Reginald will attain the age of sixteen years on April 6, 1933, and Donald on August 23, 1936. Appellant prays judgment in the sum of $7,131.33.

The applicable part of the statute, Rem. Rev. Stat., § 7675 [P. C. § 3470], is set out in the opinion on the former appeal, and it is not necessary to requote it here. A part of that section provides:

"Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion."

In *State v. Cowlitz County*, 146 Wash. 305, 262 Pac. 977, we observed that clause was an express authorization to the department of labor and industries to prosecute the action. Further along in that opinion, we said:

"While the basis of the action is negligence, the state is limited in its recovery by reason of the subrogation authorized by the statute to an amount sufficient to indemnify it for the charge made against the accident fund. Honnold on Workmen's Compensation, vol. 1, § 46, referring to the act of the state of New York which has a provision similar to the act of this state, says:

" ' "Subrogation," within this Act, does not mean substitution, but means rather indemnification, and therefore limits the amount recoverable by the state or insurer to the amount paid on the claim.'

"The state's cause of action is one which arose out of the statute and accrued when the widow elected to take under the act and her claim was approved."

Under the statute and under the above decision, the assignment is a statutory one, on which there is a statutory cause of action. The widow and children were beneficiaries, and the mother as their natural guardian could only assign individually. Rights under the workmen's compensation act cannot be prosecuted by a personal representative, such as an administratrix. Their personal rights can be enforced only by, and are limited to, the persons who benefit specially. *Ray v. Industrial Insurance Commission*, 99 Wash. 176, 168 Pac. 1121; *Zahler v. Department of Labor & Industries*, 125 Wash. 410, 217 Pac. 55. Hence, the widow and children, in assigning their rights to the state under § 7675, *supra*, necessarily did so individually and assigned all rights they had under that section. They

had no interest in the son Eric's rights, who was then over sixteen years of age and had no rights under the workmen's compensation law. Eric was obliged to resort to § 183-1 and § 194, *supra,* and the widow and dependent children had the right to accept the benefits of § 7675, *supra.*

It is, of course, true that an executor or administrator cannot join a cause in his individual right with a cause of action in his representative capacity, as held in *Howe v. Whitman County,* 120 Wash. 247, 206 Pac. 968, 212 Pac. 164; *Reutenik v. Gibson Packing Co.,* 132 Wash. 108, 231 Pac. 773, 37 A. L. R. 830; *Broughton v. Oregon-Washington Railroad & Navigation Co.,* 137 Wash. 135, 241 Pac. 963; and *Dodson v. Continental Can Co.,* 159 Wash. 589, 294 Pac. 265. However, none of those cases, or other like cases, have any application here.

As to the question of *res judicata,* this court, in harmony with many other courts, laid down the rule in *Northern Pacific R. Co. v. Snohomish County,* 101 Wash. 686, 172 Pac. 878, as follows:

"To make a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made."

It is at once apparent that there is no such concurrence of identity in the two suits in question here. In the former suit on behalf of Eric, there was no appearance on behalf of the state, although it might have been brought in at the instance of respondent. *Copeland v. Seattle,* 33 Wash. 415, 74 Pac. 582, 65 L. R. A. (N. S.) 333; *Koloff v. Chicago, Milwaukee & Puget Sound R. Co.,* 71 Wash. 543, 129 Pac. 398; *Whitley v. Spokane & Inland Empire R. Co.,* 23 Ida. 642, 132 Pac. 121; and

the same case on appeal to the United States supreme court, *Spokane & I. E. R. Co. v. Whitley*, 237 U. S. 487, 35 S. Ct. 655, L. R. A. 1915F, 736.

But, above all, the proceeding under § 7675, *supra,* is a statutory one and not the same kind of action as would have been necessary to maintain under Rem. Rev. Stat., § 183 or § 194. We desire to repeat and emphasize the fact that the assignment had been given to the state before any common law action was instituted on behalf of the minor son Eric. The statutory rights of the state could not then be defeated by any suit and judgment with which it had no concern.

If the state cannot prosecute an action in subrogation to replenish the accident fund for a wrong done by a tort-feasor, it would mean that the tort-feasor is the only one who would receive the benefit of such a proposition. It would deprive the state of its right to sue. That would, in effect, nullify the statute providing for assignments to the state in such cases.

It follows that the judgment must be reversed. It is so ordered, with instructions to enter judgment in favor of appellant on the pleadings for the amount demanded.

MITCHELL, STEINERT, and BLAKE, JJ., concur.