[No. 25532. Department One. December 19, 1935.]

THE STATE OF WASHINGTON, *Respondent and Cross-appellant*, v. WATSON STARR *et al., Appellants.*[1]

[1]Reported in 52 P. (2d) 897.

*Thomas S. Grant* and *Roy E. Bigham* (*Theodore B. Bruener,* of counsel), for appellants.

*The Attorney General* (*Daniel Baker* and *Edw. S. Franklin,* of counsel), for respondent and cross-appellant.

STEINERT, J.—The state brought this action to recover from the defendants the amount of an award made by the state to a widow for the death of her husband, under the provisions of the workmen's compensation act. In its judgment, the court allowed recovery for the amount of the payments that had been made by the state to the widow, under the award, up to the time of trial, and further ordered and decreed that the state was entitled to recover future payments under the award, as and when they were made. Defendants have appealed from the entire judgment. The state has cross-appealed from so much of the judgment as denied immediate recovery for the total amount of the award. Inasmuch as both parties have appealed, we shall hereinafter refer to the state as respondent, and to the defendants as appellants.

The complaint alleged that, on November 11, 1928, one J. W. Bowman was employed by Anderson & Middleton Lumber Company in an extrahazardous

industry as classified by the workmen's compensation act; that, while crossing a street intersection in Aberdeen on the night of November 11, and while in the course of his employment, Bowman was struck and fatally injured by a motorcycle driven by the appellant Watson Starr; that Starr, a messenger boy, was an employee of appellant Ernest Casperson, doing business under the name of City Messenger Service, and that, at the time of the accident, Starr was acting in the course of his employment; that Bowman's injuries resulting in his death were caused by the negligent acts of Starr, as specifically set forth in the complaint; that, by reason of Bowman's death, his widow became entitled to fixed sums aggregating four hundred dollars and, in addition thereto, monthly payments of thirty-five dollars for the remainder of her natural life; and that, pursuant to the terms of the industrial insurance act, the department of labor and industries had transferred from the medical aid and accident funds into the reserve fund the sum of $5,984 with which to pay the monthly compensation. The prayer of the complaint was that judgment be entered for the total amount of the award. A demurrer to the complaint having been overruled, the appellants answered denying the material allegations of respondent's pleading.

With respect to the evidence, which was adduced solely by the respondent, it is sufficient to say that it fully supported the allegations of the complaint. The evidence also showed that the widow had assigned to the state her cause of action against the appellants.

In natural order, the first assignment of error to be considered is that under which appellants contend that the respondent had no legal capacity to sue in this action. Appellants argue and urge that, since this is a statutory death action, it could be maintained

only by the personal representative of the deceased's estate, and that the right of such action could not be assigned by the widow.

Rem. Rev. Stat., § 7675 [P. C. § 3470], provides that, if the injury to the workman be due to the neglect or wrong of another not in the same employ, the injured workman, or, if death shall have resulted from the injury, then his widow, children, or dependents, as the case may be, shall elect whether to take under the workmen's compensation act or whether to seek a remedy against the other party; and that, if there be an election to take under the act, then the cause of action shall be assigned to the state for the benefit of the accident fund. Mr. Bowman left a widow, but no children or dependents as defined by the act. At the time of making her election to take under the act, the widow executed to the state, for the benefit of the accident and medical aid funds, an assignment of all rights or causes of action against any and all persons, arising out of the injuries and death of her husband.

The question raised by appellants' contention has been set at rest in this state by a number of decisions of this court. Rem. Rev. Stat., § 7675 [P. C. § 3470], not only vests in the state all rights which claimants under the workmen's compensation act have against third parties at the time when election to take under the act is made by such claimants, but also expressly authorizes the department of labor and industries, as an agency of the state, to prosecute any assigned cause of action against such third parties. *Arthun v. Seattle,* 137 Wash. 228, 242 Pac. 16; *State v. Cowlitz County,* 146 Wash. 305, 262 Pac. 977; *State v. Vinther,* 176 Wash. 391, 29 P. (2d) 693; *State v. Vinther,* 183 Wash. 350, 48 P. (2d) 915.

Appellants next contend that Casperson was not liable because, at the time of the accident, Starr

was not in the course of his employment. All the evidence, however, is to the contrary. Starr was returning from an errand upon which he had been sent by his employer, Casperson, and in so returning was in the course of his employment. *Morris v. Department of Labor & Industries,* 179 Wash. 423, 38 P. (2d) 395.

Appellants' next contention is two-fold, (1) that Bowman was not, at the time of receiving his injuries, engaged in extrahazardous employment, and (2) that, at any rate, he was not, at the time, in the course of his employment. In answer to this dual contention, it might be sufficient to say that the court's findings to the contrary on both points are supported by the evidence. But an equally conclusive and more applicable answer to the contention is that appellants may not be heard to assert it. In broaching the legal principle underlying this statement, we enter upon a phase of the case that vitally affects the respondent as well as the appellants.

The assignment executed by the widow to the state did not transfer her claim for compensation, but merely the right of action which might have been brought against the appellants for the benefit of those beneficiaries entitled to take under the workmen's compensation act. Her claim for compensation was satisfied by the award made to her. What the state got, in return, by the assignment from the widow, was the right to sue the appellants. *Arthun v. Seattle,* 137 Wash. 228, 242 Pac. 16. The basis of such right of action was the negligence of the appellants, and the state, by its assignment, took whatever right the widow or the personal representative of the deceased had to maintain such action, subject, however, to this limitation: The state could not recover *more* than was sufficient to indemnify it for the amount of the award made to the widow. *State v. Cowlitz County,*

146 Wash. 305, 262 Pac. 977; *State v. Vinther,* 183 Wash. 350, 48 P. (2d) 915.

Appellants, however, were not concerned whether the state properly or improperly allowed the award. They were concerned only with the cause of action that might have been prosecuted against *them,* either by the widow or by the representative of the deceased's estate, and which, as already stated, had been legally assigned to the state, subject to the limitation already expressed.

In an action brought by the state, the matter of the award was material only for the purpose of fixing the limit of the state's recovery. The appellants were in no way affected by the award itself, and therefore had no interest whatever in the question whether the deceased was engaged in extrahazardous occupation or whether he was at the time in the course of his employment. *Taylorville v. Central Illinois Pub. Serv. Co.,* 301 Ill. 157, 133 N. E. 720; *Bauer v. Rusetos & Co.,* 306 Ill. 602, 138 N. E. 206; *Blumberg v. Abbott,* 159 Tenn. 586, 21 S. W. (2d) 396; *American Mutual Liability Ins. Co. v. Otis Elevator Co.,* 160 Tenn. 248, 23 S. W. (2d) 245; *Keen v. Allison,* 166 Tenn. 218, 60 S. W. (2d) 158; *Industrial Commission v. Wasatch Grading Co.,* 80 Utah 223, 14 P. (2d) 988, 994.

But on this point, the respondent is in an equally difficult situation. As between the appellants and the respondent, the only material question was in relation to the right of action which the respondent had against the appellants by virtue of the assignment. Here, again, the matter of the award was of no moment whatever except to show the limit of recovery. The state could not recover more than the amount of the award, but it might recover less. The amount recoverable in this action must be determined upon a theory wholly different from that which ob-

tains in the administration of the workmen's compensation act, and it bears no relation whatever to the award except as to the maximum limit.

If an action had been brought by the widow or by the legal representative of the deceased's estate, the court or a jury might have found damages in a sum less than the amount of the award. Indeed, upon an issue of contributory negligence, the court or jury might have found that the plaintiff in such action was not entitled to recover at all. The respondent stands exactly in the same position as the widow or the personal representative would have stood in such action. It must abide the result of a finding by the court or of a verdict by a jury on the question of damages. *Taylorville v. Central Illinois Pub. Serv. Co.,* 301 Ill. 157, 133 N. E. 720; *Bauer v. Rusetos & Co.,* 306 Ill. 602, 138 N. E. 206; *Blumberg v. Abbott,* 159 Tenn. 586, 21 S. W. (2d) 396; *American Mutual Liability Ins. Co. v. Otis Elevator Co.,* 160 Tenn. 248, 23 S. W. (2d) 245; *Keen v. Allison,* 166 Tenn. 218, 60 S. W. (2d) 158; *Fidelity & Casualty Co. v. Huse & Carleton, Inc.,* 272 Mass. 448, 172 N. E. 590, 72 A. L. R. 1143.

The whole difficulty with this case is that the respondent has misconceived the nature of its cause of action. It proceeded as though the action was based on the award, whereas it should have proceeded as though the foundation of its action was the culpability of the appellants, measuring the damages accordingly. The record is not clear as to whether appellants presented, or suggested, to the court the correct theory of the case. Their answer was but a general denial. They offered no evidence, but at the conclusion of respondent's case moved for a dismissal upon four grounds, one of which was that the evidence was not sufficient to sustain a judgment in favor of respondent, and the other three of which were based on the

several grounds already discussed herein. We have a strong suspicion, gathered from the record, although we cannot say positively that it is the fact, that the court was not advised of the real issue. The fault, however sincere it may have been, lay not with the trial court, but with respective counsel. For these reasons, we are of the opinion that the case should be re-tried, upon the theory herein suggested and in accordance with the views herein expressed.

Reversed and remanded for new trial, with the further order that none of the parties recover costs on this appeal.

MITCHELL, TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.

