[No. 21497.    Department Two.    December 13, 1928.]

MARION R. HINDS, *Respondent,* v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Mark H. Wight, Assistant,* for appellant.

*Kenneth Durham* and *Winter S. Martin,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court, reversing an order of the department of labor and industries dismissing a claim, which order had been affirmed by the joint board.

[1]Reported in 272 Pac. 734.

O. H. Johnston was killed July 5, 1927, while operating an airplane. His widow filed a claim with the department of labor and industries for compensation for herself and minor children. Since the claim was filed, the widow has remarried and is Mrs. Hinds, the respondent. The department rejected the claim on the ground that the deceased was not a workman within the meaning of the workmen's compensation act. Thereafter the claimant petitioned for a rehearing before the joint board. A rehearing was had upon which evidence was taken and, as stated, the order of the department was affirmed.

The trial court found that Johnston, at the time of his death, was an employee of one Leo Huber, and entered a judgment directing the department to allow the claim. Huber was the owner of an airplane and was engaged in business, under the name of the Puget Sound Airways, in taking up passengers for a flight around Lake Washington, and also in instructing student flyers. Johnston was a pilot, but owned no plane. About two weeks prior to his death, he and Huber entered into an arrangement whereby he would become associated with Huber and make use of his plane for the purpose of taking up passengers and also student flyers. Johnston was to receive forty per cent of the gross compensation from the flights which he made, and Huber was to receive the other sixty. Huber was to bear all the expense of keeping up the plane. When passengers or students were taken up, at the conclusion of the flight they, as a rule, paid Huber, and at the end of each day he gave to Johnston the portion that was coming to him. When Huber was absent, Johnston was in charge of the plane and business of the Puget Sound Airways.

The appellant, the department of labor and industries, says that the relation between Huber and

Johnston was that of bailor and bailee. The respondent, the claimant, says that Johnston was an employee of Huber's. If Johnston was an employee, the claim should be allowed. If not, it should be disallowed.

Inquiry must then be directed to determine what, in law, was the relation between these parties. Section 7675, Rem. Comp. Stat., which is one of the sections of the workmen's compensation act, among other things, provides that: "Workman means every person in this state, who is engaged in the employment of an employer . . ." The rules for determining the existence of the relation of employer and employee are the same as those at common law for the relation of master and servant. Workmen's Compensation Law, Schneider, § 19. To create the relation of employer and employee or master and servant, there must be an express contract or acts such as will show that the parties recognize one as the employer and the other as the employee. *Brewer v. Department of Labor & Industries*, 143 Wash. 49, 254 Pac. 831.

Whether a person performing work for another is a servant or employee of that other, is a question not always easy of solution, but the authorities are in accord that the test of the relationship is the right of control on the part of the employer. *Glover v. Richardson & Elmer*, 64 Wash. 403, 116 Pac. 861; *North Bend Lum. Co. v. Chicago, M. & P. S. R. Co.*, 76 Wash. 232, 135 Pac. 1017.

The final test then appears to be whether there was the right of control. Presumptively, where one person is employed to work on the premises of another and for that other's benefit, he is a servant, and if the employer seeks to avoid liability for the employee's acts on the ground that he was not a servant, the burden is upon the employer to establish that fact. *Simila v. Northwestern Imp. Co.*, 73 Wash. 285, 131 Pac. 831.

The facts in the case now before us show that Huber was the owner of the Puget Sound Airways, including the airplane. Johnston made use of the plane. The compensation earned was paid to Huber, who each evening gave Johnston his portion. When Huber was away from the Puget Sound Airways, Johnston was in charge.

It seems to us that from these facts it must be concluded that Huber was in control. It is true that, during a flight, Johnston was actually operating and in custody of the airplane. This would not necessarily make him a bailee. He could have the custody of the plane and yet the possession and control be in Huber. In 6 C. J. 1099, it is said:

"The relation of bailor and bailee is to be distinguished from that of master and servant in that property in the hands of a servant is in the possession and control of the master, the servant having only custody, while in the case of bailment the possession and control of the property passes to the bailee during the period of the performance of the contract."

If Johnston had been the bailee of the plane, it would have been a reasonable thing for him to have collected for the flights which he made, rather than have the money paid in the first instance to Huber.

There has been much said about Huber's testimony to the effect that Johnston was not an employee. This testimony is, to a considerable extent, the conclusion of the witness. It is weakened to a material extent by the testimony of the deputy coroner who made an investigation after the accident, and upon the hearing before the board testified that in his conversation with Huber at that time he understood that Johnston was an employee.

The fact that Johnston was paid every evening does not necessarily indicate that he was not an em-

ployee. In *Helmuth v. Industrial Accident Commission,* 59 Cal. App. 160, 210 Pac. 428, it was held that one employed to blast out holes, who was paid at the rate of one and one-fourth cents per hole and furnished nothing but his labor, and who was not required to work any certain number of hours, being free to come and go as he wished, and free to discontinue his work at any time, was an employee under the workmen's compensation act of the state of California.

Section 7676, Rem. Comp. Stat., provides that:

"In computing the pay-roll the entire compensation received by every workman employed in extrahazardous employment shall be included, whether it be in the form of salary, wage, piecework, overtime, or any allowance in the way of profit-sharing, premium or otherwise, and whether payable in money, board, or otherwise."

The fact, if it be a fact, that Johnston was free to come and go as he pleased, and had no regular hours of employment, would not make the relation between him and Huber something else than that of employer and employee. The statute distinctly recognizes that there may be that relation, even though the payment may be for piecework or an allowance in the way of profit-sharing.

We are satisfied that Johnston was an employee within the contemplation of the workmen's compensation act of this state.

The judgment of the superior court will be affirmed.

PARKER and FRENCH, JJ., concur.