## W. T. Congleton Co. v. Bradley.

(Decided March 22, 1935.)

128

GAVIN H. COCHRAN and ROBERT F. VAUGHAN for appellant.

R. W. LISANBY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The W. T. Congleton Company prosecutes this appeal from a judgment upholding an award ($7.80 per week for 51 weeks for temporary total disability, $3.90 per week for 283 weeks for permanent partial disability, and $100 for surgical bills) made to Orel T. Bradley by the Workmen's Compensation Board. We shall hereafter refer to the parties as Congleton and Bradley.

## Circumstances of Injury.

Congleton was building a public highway from Dawson Springs to Princeton. Congleton secured locally a large part of the trucks and labor used. Bradley lived about midway on this road and he secured employment as a laborer. Dallas Jackson lived near the Dawson Springs end of this road. He had a dumpbody Ford truck, and Congleton engaged him and his truck. On March 1, 1933, the work on this road had been completed to a point about a mile west of Bradley's home. Jackson testifies he passed Bradley's house about 6:40 a. m. Bradley was on the roadside, and Jackson stopped and picked him up. He had gone about 20 feet when Bradley fell off the truck, and it ran over his right leg, breaking the bone and lacerating the leg between the hip and the knee. Bradley made a slow and painful

recovery and his leg is shortened one and a half inches. There is some dispute about the time of this accident. Bradley testifies it happened about 7:30 a. m., but all agree it happened as they were on their way to work and that work began at 7, so the time becomes unimportant when the fact that they were going to work is undisputed.

## Is This a Compensable Injury?

To be compensable it must be shown to have been sustained by Bradley by an *accident arising out of and in the course of his employment.* Section 4880, Ky. Stats. The determination of the meaning of these eleven words has given the courts no little difficulty. In one of our early cases arising under this act, Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524, we followed the definition given by the court of Massachusetts in Re McNicol, 215 Mass. 497, 102 N. E. 697, and did so again in January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S. W. (2d) 117, and Consolidation Coal Co. v. Ratliff, 217 Ky. 103, 288 S. W. 1057.

That definition may be found in 28 R. C. L. p. 797, sec. 89. Simple as these eleven words appear, volumes have been filled with discussion of them. See 28 R. C. L. p. 801, sec. 91. The two expressions are not synonymous; but the words "arising out of" are construed to refer to the origin or cause of the injury, and the words "in the course of" to refer to the time, place, and circumstances under which it occurred. Hollenbach v. Hollenbach, supra. An injury which occurs "in the course of" the employment will ordinarily, but not necessarily, arise out of it, while an injury arising out of the employment, almost necessarily occurs in the course of it. Hopkins v. Michigan Sugar Co., 184 Mich. 87, 150 N. W. 325, L. R. A. 1916A, 310. To be a compensable injury it must both arise out of and in the course of the employment.

This act came to us from England, where the courts have had the same difficulty with these eleven words that we have, and in Kitchenham v. Steamship Johannesburg, 4 B. W. C. C. 312, Lord Loreburn said:

"We have to decide each case on the facts. Argument by analogy is valueless. I am getting afraid

to say anything more by way of judgment than that the appeal should be allowed or dismissed, because what one says in one case is used as an argument why one should decide a particular way in another case."

So in America we find the courts having similar difficulty, and it has resulted that in determining whether an accident arose out of and in the course of the employment, each case must be decided with reference to its own particular facts.

## Relationship of Master and Servant.

This much we know, the relation of master and servant must exist (28 R. C. L. 760, sec. 55, the test of its existence is the right of control, Hinds v. Dept. of Labor, etc., 150 Wash. 230, 272 P. 734, 62 A. L. R. 225), and for want of a better expression we will say it must actively exist. Thus if M. employs S. in his factory, the relation of master and servant exists between them while S. is engaged in the factory during the day and S. must obey the orders of M.; but after the close of the day, when they leave the factory, that relation might no longer exist in contemplation of the law. When M. and S. meet that evening at some place of amusement or some social function, they meet on a plane of equality as citizens each free and independent of the other. In the eyes of the law the relation of master and servant is then between them nonexistent, or, as the layman regards it, is in suspense; but when they reach the factory the next day, the relationship of master and servant is resumed, or, in the eyes of the layman, it becomes active again.

As we pointed out in Bowen v. Gradison Construction Co., 236 Ky. 270, 32 S. W. (2d) 1014, when one can say to the other "go" and he goeth, "come" and he cometh, or "do this" and he doeth it, when one has the right to command and the other the duty to obey, then and only then is the relation of master and servant at hand.

## The Relations Here.

Bradley was employed and paid by the hour. Work began at 7 a. m. His pay, 25 cents per hour, then began and it ceased at close of work in the afternoon. Jackson

with his truck was hired the same way; he got 85 cents per hour from 7 a. m. to quitting time. When Jackson was employed, nothing was said to him about transporting these men. Bradley does not claim he was promised transportation when he was employed. The evidence for Congleton is that transportation was not mentioned.

Jackson allowed these men to ride on his truck as a matter of accommodation. When quitting time came the day before this accident, the relationship of master and servant between Congleton and Bradley ceased or became suspended, whichever way you may want to look at it, and as this accident happened before Bradley reported for work the next day, it was never resumed. At the time this accident occurred, Congleton had no control over either Bradley or Jackson. If Congleton had been present and said to Bradley, "Don't get on that truck," and had said to Jackson, "Let him walk," both would have perhaps responded, "What's it to you?" This injury did not arise out of or in the course of the doing of anything these parties had contracted to do for each other. When it happened, the relation of master and servant did not exist; hence this injury is not compensable. There is nothing here to take this case out of the general rule that accidents occurring on the way to or from work are not compensable. Billiter, Miller & McClure v. Hickman, 247 Ky. 211, 56 S. W. (2d) 1003; Erickson v. St. Paul City Ry. Co., 141 Minn. 166, 169 N. W. 532; De Constantin v. Public Service Com., 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916A, 329; Georgia Ry. & P. Co. v. Clore, 34 Ga. App. 409, 129 S. E. 799; Pierdiluca v. Benedetto, 210 App. Div. 441, 206 N. Y. S. 358; Brown v. Dept. of Labor, etc., 135 Wash. 327, 237 P. 733; Hewitt's Case, 225 Mass. 1, 113 N. E. 572, L. R. A. 1917B, 249; Clapp's Parking Station v. Ind. Acc. Com., 51 Cal. App. 624, 197 P. 369; Simonds v. Reigel, 165 Minn. 458, 206 N. W. 717; Whitney v. Hazard Lead Works, 105 Conn. 512, 136 A. 105; Lipinski v. Sutton Sales Co., 220 Mich. 647, 190 N. W. 705; 28 R. C. L. p. 804, sec. 93.

The essential facts in this case are not disputed; the finding of the board is an erroneous application of the law to the facts; hence it is reviewable. Consolidation Coal Co. v. Ratliff, 217 Ky. 103, 288 S. W. 1057.

Judgment reversed, with direction that it be remanded to the board, and the application dismissed.