David COLWELL et al., DBA., Liberty Coal
Company et al., Appellants,

v.

Rachel MOSLEY, Individually and as Guard·
ian for Gwendlyn Faye Holliday et al.,
Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1958.

Alva A. Hollon, Hazard, for appellant.

A. E. Cornett, Robert Muncy, Hyden,
for appellee.

WADDILL, Commissioner.

The appeal is from a judgment of the Leslie Circuit Court remanding the case to the Workmen's Compensation Board with directions to set aside the order denying compensation benefits and to enter an award in favor of the claimants. The sole question presented to this Court is whether or not the fatal injury sustained by Carl Mosley arose out of and in the course of his employment. KRS 342.005(1). Since the facts are not in dispute the question is one of law and the Board's finding is subject to judicial review. Louisville & Jefferson County Air Board v. Riddle, 301 Ky. 100, 190 S.W.2d 1009; Hinkle v. Allen-Codell Co., 298 Ky. 102, 182 S.W.2d 20; Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S.W. 467.

Carl Mosley sustained a fatal injury while employed as a truck driver by the appellants. The truck he was assigned to operate was used for hauling coal from a mine located north of Hyden to a tipple near Manchester.

On the day of the accident, Silas Smallwood, a brother-in-law of Mosley, had accompanied Mosley during his work, but was not employed by appellants or Mosley. Later that day, Mosley and Smallwood loaded the truck with coal at the mine and proceeded west over highway No. 421, which was the direct route from Hyden to the tipple at Manchester.

Smallwood owned an automobile which had stalled and had been parked on the shoulder of the road about five miles west of Hyden. It was agreed that Mosley would pull Smallwood's car with his truck. When they reached the place where Smallwood's car was parked, Mosley drove the truck across the road into the east-bound traffic lane of the highway and was in the process of backing in the direction of the

stalled car when an oncoming truck collided with Mosley's truck, causing his death.

There was testimony to the effect that it was the practice of truck drivers to lend assistance to motorists or truckers who were having trouble with their vehicles. However, it was not shown that the employers of the truck drivers rendering this type of assistance had authorized this practice or had any knowledge of it.

Mosley's employers, appellants herein, insist that the accident did not arise out of and in the course of Mosley's employment. They urge that Mosley's deviation or departure from the business of his employer took him out of the scope of his employment.

Appellees, who claim compensation benefits as Mosley's dependents, contend that Mosley, in stopping momentarily to lend assistance to start the stalled car, was performing an act which was reasonably incident to his employment. However, in the event this contention is rejected, they maintain that Mosley's deviation or departure from his work was so slight and inconsequential as not to deprive them of compensation benefits.

The extent of the deviation from the usual route over highway No. 421 is not the controlling factor in the instant case, but rather the fact that Mosley made the deviation for the sole purpose of accommodating his brother-in-law. He had departed from the scope of his employment and at the time and place of the accident was engaged on a personal mission which severed the relation essential to fix liability upon his employer under our Workmen's Compensation Act.

An accident, to be compensable, must be one arising "out of" as well as "in the course of" the employment. KRS 342.005(1). To arise "out of" the employment the accident sustained must have a causal connection with the work to be performed; it must be one which is possible to trace to the nature of the employee's work or to the risks to which the employer's business exposes the employee. Stapleton v. Fork Junction Coal Co., Ky., 247 S.W.2d 372; Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923; Bluegrass Pastureland Dairies v. Meeker, 268 Ky. 722, 105 S.W.2d 611; Billiter, Miller, and McClure v. Hickman, 247 Ky. 211, 56 S.W.2d 1003.

Inasmuch as the evidence does not support the determination of the circuit court that the accident arose out of and in the course of employment, we conclude, as a matter of law, that the Workmen's Compensation Board correctly dismissed appellees' application for compensation benefits. The judgment of the circuit court is reversed, with directions to enter a judgment confirming the order of the Workmen's Compensation Board.