[No. 35460.   *En Banc.*   April 27, 1961.]

IVAR HAUGEN, *Appellant,* v. CENTRAL LUTHERAN CHURCH, *Respondent.*\*

\*Reported in 361 P. (2d) 637.

*Arthur R. Paulsen,* for appellant.

*Gordon, Goodwin, Sager, Hicks & Thomas,* for respondent.

HUNTER, J.—This is an appeal from an action for damages tried to the court with a jury against the defendant Central Lutheran Church, a nonprofit association, for personal injuries sustained by the plaintiff when, during the construction of a church building, he fell from the platform of a scaffolding which allegedly had been negligently assembled by another workman.

The plaintiff was employed as a workman in the construction of a church building. According to the terms of his employment, he was obligated to work only on Monday through Friday each week. On Saturdays, the construction of the building was performed by twenty to twenty-five persons who donated their work. Since the plaintiff was a member of the congregation of this church, he joined this philanthropic working group on Saturdays, notwithstanding this was not necessary in order to retain employment during the week. A foreman or overseer was delegated by the defendant and was given complete control and supervision over the work performed on Saturdays.

On the Saturday in question the plaintiff and two other volunteer workmen were directed by the foreman to work in the organ loft for the purpose of putting rock lath on the ceiling. To perform this work, it was necessary to utilize steel scaffolding, topped by a platform composed of loose planks. On this Saturday, one of the other workmen put two or three of the planks in place on the platform in such a manner that they overlapped but had no bearing or support underneath at one end, which created a condi-

tion of danger to anyone working upon the platform. The plaintiff, upon being requested by the foreman to install the rock lath on the ceiling, and not being aware of the dangerous condition of the platform, mounted the scaffolding and worked there for about two hours until he stepped upon the unsupported portion of the planks, which collapsed under his weight causing him to fall to the floor and sustain serious injuries.

The lack of adequate support for the planks in question was readily observable from below, but the foreman did not make an inspection of the scaffolding prior to the accident which, if made, would have disclosed the dangerous condition.

At the close of the plaintiff's case, the court dismissed the action upon the defendant's motion challenging the sufficiency of the evidence. Judgment was entered thereon, from which the plaintiff appeals.

It is not necessary for us to consider the appellant's assignments of error since it appears that this case was decided upon the wrong theory. The appellant sought recovery upon the theory that his injuries were caused by the respondent's failure to exercise certain duties which employers owe to employees, to wit: to provide a safe place to work and to furnish competent co-workers. Applying this theory, the trial court dismissed the action upon the ground that the injury was caused by the negligence of the appellant's fellow servant, and the evidence was insufficient for the court to find that the respondent's foreman knew or should have known the fellow servant was not competent to assemble planking for the scaffolding platform. This theory would not be applicable, however, unless an employer-employee relationship existed between the parties on the day the injury occurred.

■ The relationship of employer and employee, or master and servant, is based on contract, express or implied. *Hammberbeck v. Hubbard*, 42 Wn. (2d) 204, 254 P. (2d) 479 (1953); *Kirk v. Department of Labor & Industries*, 192 Wash. 671, 74 P. (2d) 227 (1937); *Hinds v. Department of Labor & Industries*, 150 Wash. 230, 272 Pac. 734

62 A. L. R. 225 (1928); *Hillestad v. Industrial Ins. Comm.,* 80 Wash. 426, 141 Pac. 913 (1914).

■ The record shows no evidence of a contract of employment, express or implied. Therefore, the trial court could not properly consider the action upon this theory and dismiss the action upon the basis of the fellow servant rule. However, from evidence introduced without objection there was another theory upon which the action could have been decided; that the appellant's injuries were caused by the respondent's failure, as an occupier of land, to exercise the reasonable care requisite to render the premises safe from, or warn the appellant of, dangerous conditions of which the respondent knew or could discover with reasonable diligence.

■■ Regarding this theory, the recent case of *Ward v. Thompson,* 57 Wn. (2d) 655, 359 P. (2d) 143 (1961), is similar on the facts to the instant case. In that case, a stepson, who was building his own home, invited his stepfather to his premises. Upon his arrival the stepson requested the stepfather to mount the scaffolding and assist him in nailing siding onto the building. The scaffolding collapsed due to an observable defect soon after the stepfather ascended it, causing injury to him. In determining that the stepfather was a business invitee at the time of the accident, we quoted from *Dotson v. Haddock,* 46 Wn. (2d) 52, 278 P. (2d) 338 (1955), stating that to attain the status of an invitee,

" ' . . . it must be shown that the business or purpose for which the visitor comes upon the premises is of material or pecuniary benefit, actual or potential, to the owner or occupier of the premises.' "

On the basis of the reasoning in this case, the status of the appellant must be that of a business invitee. Also, see *Fernquist v. San Francisco Presbytery,* 152 Cal. App. (2d) 405, 313 P. (2d) 192 (1957).

It remains for us to determine, however, whether or not the record would support the trial court's judgment of dismissal on the ground there was insufficient evidence that the respondent, as an occupier of the premises, violated a

duty owed to the appellant, as a business invitee. If the judgment can be supported on this ground, it should be affirmed.

In the *Ward* case, we said:

"But aside from the technicalities of respondent's legal status, in our view, appellants owed a duty to maintain the scaffolding in a reasonably safe condition, and this duty extended to *all* persons standing thereon with the permission, express or implied, of appellants. By their very nature, any substantial defects in the construction of a scaffold necessarily involve recognizable risks of serious bodily harm to any persons standing on it. *Cf. Straight v. B. F. Goodrich Co.,* 354 Pa. 391, 47 A. (2d) 605 (1946). The duty of appellants to maintain the scaffold in a reasonably safe condition cannot be abrogated or altered on the basis of timeworn distinctions between licensees and invitees. *Cf. Mills v. Orcas Power & Light Co.,* 56 Wn. (2d) 807, 355 P. (2d) 781 (1960). Where the danger of harm is great, as it is with scaffolds, ladders, and the like, public policy requires that the occupier of the premises take the utmost precaution to keep such equipment in a safe condition."

From the record in the instant case, we are satisfied there was sufficient evidence for the action to be submitted to the jury on the issue of the respondent's liability as an occupier of land to the appellant as a business invitee. Since the action could have been decided on this theory, and since a judgment of dismissal for lack of sufficient evidence based upon this theory could not be sustained, the judgment of the trial court cannot be affirmed. Therefore, pursuant to the power of this court provided in Rule on Appeal 16, RCW Vol. 0, the case should be remanded for a new trial upon the proper theory. *Cf. Harrison v. Consolidated Holding Co.,* 200 Wash. 434, 93 P. (2d) 729 (1939); *State v. Starr,* 185 Wash. 18, 52 P. (2d) 897 (1935); *Conner v. Clapp,* 37 Wash. 299, 79 Pac. 929 (1905).

It is only fair to counsel and the trial court to state that the case of *Ward v. Thompson, supra,* which is decisive in this appeal, was not published until after this appeal was argued before this court.

The judgment of dismissal is reversed and the case re-

manded for a new trial on the proper theory.
ALL CONCUR.

July 10, 1961. Petition for rehearing denied.