Orville APPLEGATE, Appellant,

v.

Adrian HORD, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1963.

Fox, Wood & Wood, Woodson T. Wood, Maysville, for appellant.

John H. Clarke, Jr., W. O. Miller, Robert Zweigart, Maysville, for appellee.

CULLEN, Commissioner.

The Workmen's Compensation Board denied Adrian Hord's claim for compensation, having found that the accident in which he was injured did not occur in the course of his employment. Upon proceedings for review the circuit court ruled that as a matter of law Hord was in the course of his employment when injured, and entered judgment remanding the case to the board. The employer, Orville Applegate, has appealed from that judgment.

Applegate had a contract with a limestone quarry operator to haul crushed limestone by truck to farmer customers of the quarry. Hord was employed by Applegate as a truck driver, at a wage of $10 per day. Hord's residence was on a main highway a few miles from the quarry and Applegate's residence was on a side road several miles off the main highway. The accident happened on a Monday morning. The previous Saturday Hord had taken his employer's truck home with him and he had kept it over the weekend. The accident happened when he was driving the truck from his home to the quarry early on Monday morning.

Hord had worked for Applegate some five or six weeks before the accident. Hord's testimony was that he customarily took the truck home each night after work, although there was no agreement that Applegate was to furnish him transportation to and from work. He also said that on occasion he was required to have the truck serviced after working hours. His contention is that the truck was "headquartered" at his home for the convenience of the employer, to avoid the extra time and distance that would have been involved had the truck been taken to Applegate's home each night, and for convenience in having the truck serviced.

Applegate testified that during the period of employment Hord had taken the truck home at night four or five times; that if it happened that the truck was closest to Hord's home at the end of the day's work Hord would take it home, but if closer to the quarry or a delivery destination the truck would be left there. He also said that on the Saturday preceding the day of the accident he permitted Hord at the latter's request to take the truck home for his personal use to scatter fertilizer on his own land. As to servicing the truck at night he testified that the truck sometimes was serviced after working hours if it was near the service station at the time of quitting work.

The compensation board found as a fact that on the weekend in question Hord had used the truck for his personal use and benefit, and that there was no benefit to Applegate from Hord's taking the truck home and having it there over a weekend. We think there was evidence of substance to support those findings. Therefore the findings were conclusive and the circuit court erred in making the contrary finding that the truck was stabled at Hord's home for Applegate's convenience or for mutual convenience.

The factor of the employer's convenience having been eliminated, there is nothing left in the case to take it out of the ordinary "going and coming" rule under which the employe is considered not to be in the course of his employment when traveling between his home and his place of employment. See W. T. Congleton Co. v. Bradley, 259 Ky. 127, 81 S.W.2d 912; Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923; Handy v. Kentucky State Highway Department, Ky., 335 S.W.2d 560; Note, 47 Kentucky Law Journal 420.

Appellant's counsel filed a reply brief in which were set forth several alleged facts wholly outside the record, pertaining to Hord's conduct and financial condition after the accident. This purportedly was in answer to a mild plea for sympathy contain-

ed in the appellee's brief. The obvious purpose, however, was to attempt to prejudice this Court. The brief has been stricken on the Court's own motion and counsel hereby it reprimanded for filing it.

The judgment is reversed with directions to enter judgment affirming the order of the Workmen's Compensation Board.