**Allene H. COMBS, Indv., et al., etc., Appellants,**

**v.**

**Vada REED, now Vada Reed Young, dba, etc., Appellees.**

Court of Appeals of Kentucky.

March 28, 1969.

**80**

Joe Hobson, John Allen, Prestonsburg, for appellants.

Howard, Francis & Howard, Prestonsburg, Workmen's Compensation Board, Frankfort, for appellees.

OSBORNE, Judge.

This is an appeal from a judgment of the Floyd Circuit Court affirming an award of the Workmen's Compensation Board denying appellant's claim. Appellant claims benefits under the Act as a surviving widow and dependent of Thomas S. Combs.

Thomas S. Combs was a civil engineer and, along with his brother, co-owner of Combs Engineering Company in Langley, Kentucky. By order of the Floyd Circuit Court in action CR 4099 dated July 6, 1963, he was ordered to go upon the lands of the Turner and Salisbury families and locate a disputed boundary. The survey was made and on April 16, 1964, a judgment was entered in the action directing Thomas S. Combs to place markers on the line. On April 24, 1964, along with two members of the Turner family, he went upon the disputed property and there, while carrying out the orders of the court, was shot and killed by Roy Salisbury, one of the unsuccessful litigants. For the facts as to the murder, see Salisbury v. Commonwealth of Kentucky, Ky., 417 S.W.2d 244.

On January 14, 1964, Allen Reed, owner of Prestonsburg Engineering Company died. His will directed his wife to seek the advice of B. F. Reed, William Mullins and Kilmer C. Combs, as to the best method of disposing of the engineering business. These parties met with Thomas S. Combs and tentatively agreed to sell the Prestonsburg Engineering Company to him, payment to be made over a period of years. The testimony about this transaction is in many instances in sharp conflict. It is not clear exactly what Thomas S. Combs' status with Prestonsburg Engineering Company was at the time of his death. It does appear that until such time as the sale could be consummated, which would require court proceedings, he was to have some authority in looking after the business. At least he was to sign all contracts of the company as a licensed engineer since the company had no other licensed engineer employed. Before the sale could be completed, and during the period of time when

Combs' exact status was in limbo, he was killed, as hereinabove set out.

These issues were tried before the Workmen's Compensation Board and the Board found:

"The plaintiff's proof that Thomas S. Combs was an employee of Prestonsburg Engineering Company at the time of his death is both inadequate and unconvincing. If the proposed purchase agreement had been carried out, he would have been an 'owner' not an 'employee.' There is a complete lack of proof that Combs was rendering any service for anyone except himself in looking after the business in the interim period."

"But even if it were agreed that Combs was an employee of Prestonsburg Engineering Company, he was most certainly not acting within the scope of that employment at the time of his death. Combs was completing a survey job he had undertaken in 1963. The attempt of the claimant widow, Allene Combs, to have the check for the final payment for the survey work to be made to Prestonsburg Engineering Company a year later does nothing to enhance her claim, particularly since the record shows that Prestonsburg Engineering Company had actually done survey work for the losing litigant in that property action.

"The tragic death of Thomas S. Combs under the circumstances is indeed regrettable but not compensable. No employer-employee relationship has been proven to exist which would entitle the plaintiffs to recover under KRS 342.070, Louisville and Jefferson Co. Air Board v. Riddle, 301 Ky. 100, 190 S.W.2d 1009."

Appeal was duly taken to the Floyd Circuit Court. That court affirmed the judgment of the Board. We have no alternative but to affirm the judgment of the circuit court. The Board found against claimant who had the burden of proof. We cannot reverse unless the claimant's proof is so clear as to compel a finding in her favor. (For a recent statement of this rule, see Baker v. Codell Const. Co., Ky., 437 S.W.2d 759 (rendered 1/24/69).)

We are of the opinion that the evidence is more than ample to support the findings of the Board. It is apparent that at the time Thomas Combs was killed, he was not an employee of the Prestonsburg Engineering Company. But even had he been on the payroll of the Prestonsburg Engineering Company, the proof is conclusive that he was not acting in any such capacity at the time of his death.

Judgment affirmed.

All concur.