62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael K. BODEY, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a corporation; CF
Industries Inc., a corporation, Defendants-Appellees.
Frederick A. LUND, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a corporation; CF
Industries, Inc., a corporation, Defendants-Appellees.
Victor T. LYON, Jr., Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a corporation; CF
Industries, Inc., a corporation, Defendants-Appellees.
 Nos. 94-35340, 94-35341, 94-35342.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided July 28, 1995.
 
 Before: BROWNING, BOOCHEVER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 CF Industries ("CFI") owed plaintiffs a duty to exercise reasonable care under the common law principle of premises liability, see Plaisted v. Tangen, 432 P.2d 647, 648 (Wash. 1967); Jarr v. Seeco Constr. Co., 666 P.2d 392, 393-94 (Wash. Ct. App. 1983), as well as under the Washington Industrial Safety and Health Act, Wash. Rev. Code Sec. 49.17.060(2) ("WISHA") (creating a duty to comply with, inter alia, Wash. Admin. Code Secs. 296-24-07501 and 296-24-51009(10)), see Adkins v. Aluminum Co. of Am., 750 P.2d 1257, 1271 (Wash. 1988) (en banc), and the Occupational Safety and Health Act, 29 U.S.C. Sec. 654 (creating a duty to comply with, inter alia, 29 C.F.R. Sec. 1910.111(b)(10)(ii)).
 
 
 3
 There was a triable issue whether CFI breached its duty. Plaintiffs presented evidence that CFI violated WISHA and OSHA, which "may be considered by the trier of fact as evidence of negligence." Wash. Rev. Code Sec. 5.40.050. Plaintiffs also presented circumstantial evidence that could support an inference of negligence under the doctrine of res ipsa loquitur. See Jackson v. Wash. State Criminal Justice Training Comm'n, 720 P.2d 457, 460 (Wash. Ct. App. 1986) (listing elements giving rise to res ipsa loquitur). There was a triable issue of fact whether a leak of ammonia occurred on June 29, 1992. See Marshall v. Western Air Lines, 813 P.2d 1269, 1273 (Wash. Ct. App. 1991) ("[A]n implied requirement of the first element [of res ipsa loquitur] is that the ... occurrence alleged to have produced the injury actually occurred."). All three plaintiffs stated that they smelled ammonia and that their eyes burned and watered, and Bodey stated that he doubled over after inhaling the fumes. CFI's guard log for that evening indicates that the guard "noticed very slight ammonia smell around white in side rail car." In contrast to Marshall, every person present at the CFI plant on June 29 smelled ammonia. See id. at 1270 ("Marshall presented no evidence, however, that other passengers had noticed a change in cabin air pressure.... All of the crew members aboard Marshall's flight uniformly declared that 'there was no sudden or unusual loss of cabin pressure during the flight in question, and no unusual event of any kind."').
 
 
 4
 Plaintiffs also made a sufficient showing of "exclusive control" over the instrumentality that caused the alleged injuries, Jackson, 720 P.2d at 460, by showing that "one or both defendants were responsible for all reasonably probable causes of the [injury-causing] event." Ashland v. Ling-Temco-Vought, Inc., 711 F.2d 1431, 1439 (9th Cir. 1983) (applying general principles of negligence).
 
 
 5
 There was a triable issue of fact as to proximate cause. Plaintiffs presented evidence that they suffered injuries that can be explained as resulting from exposure to ammonia, and from which a jury could reasonably conclude that CFI's negligence caused those injuries. See Petersen v. State, 671 P.2d 230, 241 (Wash. 1983) (en banc) ("[T]he question of proximate cause is for the jury, and it is only when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that it may be a question of law for the court.") (internal quotation omitted).
 
 II.
 
 6
 Burlington Northern Railroad Company ("Burlington Northern") owed plaintiffs a broad duty of care under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Sec. 51 et seq., see Ragsdell v. Southern Pacific Transp. Co., 688 F.2d 1281, 1283 (9th Cir. 1982), even when plaintiffs, by reason of their work, were on CFI's premises. See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1, 10 (1963).
 
 
 7
 There was a triable issue whether Burlington Northern breached its duty. Plaintiffs presented evidence from which a jury could reasonably conclude that the injury-causing event was foreseeable to Burlington Northern. See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108, 117 (1963) ("[R]easonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence."). Plaintiffs offered evidence of two prior incidents of exposure at CFI's premises: in one, a crew of four Burlington employees complained of injuries from ammonia exposure sustained while switching rail cars on CFI's premises; in another, a single crew member complained of exposure. Cf. id. at 121 (suggesting that the existence of "similar incidents ... in the past" would constitute evidence of reasonable foreseeability).
 
 
 8
 There was also a triable issue as to proximate cause. Burlington Northern does not contest that it failed to inspect CFI's premises, to provide plaintiffs with protective equipment, and to inform them where CFI's protective equipment was located. A jury could reasonably conclude that these failures played at least some part in plaintiffs' alleged injuries. Inman v. Baltimore & Ohio R.R., 361 U.S. 138, 140 (1959) ("Judicial appraisal of the proofs to determine whether a jury question is presented [as to causation] is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury.") (internal quotation omitted).
 
 III.
 
 9
 Plaintiffs failed to offer evidence creating a genuine issue of material fact as to their claim against CFI based on Washington's product liability statute, Wash. Rev. Code Sec. 7.72.010 et seq. Plaintiffs failed to present "reliable and specific expert testimony to establish the nature of the alleged dangerous condition" to support their claim that the ammonia was defectively designed. Bruns v. PACCAR, 890 P.2d 469, 474 (Wash. Ct. App. 1995); see also Wagner v. Flightcraft, 643 P.2d 906, 910 (Wash. Ct. App. 1982). Plaintiffs failed to present evidence regarding "the likelihood that the product would cause the harm complained of" and "the burden on the manufacturer of providing an adequate warning" to support their claim that the ammonia was not reasonably safe because of CFI's failure to provide adequate warnings. Ayers v. Johnson & Johnson Baby Prod., 818 P.2d 1337, 1346 (Wash. 1991) (en banc) (describing elements required under risk-utility analysis). Nor did plaintiffs submit evidence regarding "factors such as the relative cost of the product, the gravity of the potential harm from the claimed defect and the cost and feasibility of eliminating or minimizing the risk." Crittenden v. Fibreboard Corp., 794 P.2d 554, 559 (Wash. Ct. App. 1990) (describing proof required under consumer expectations analysis).
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED, with defendants to bear the costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3