[No. 23680–6–I.  Division One.  September 17, 1990.]

ROSA M. EBSARY, *Individually and as Special Administrator,* ET AL, *Respondents,* v. PIONEER HUMAN SERVICES, ET AL, *Appellants.*

*Linda B. Eide* and *Skellenger & Bender,* for appellant Pioneer Human Services.

*Kenneth O. Eikenberry, Attorney General,* and *John J. Kirschner, Assistant,* for appellant State (Department of Corrections).

*Kenneth O. Eikenberry, Attorney General,* and *Maureen Mannix, Assistant,* for respondent State (Department of Labor and Industries).

*Mark Davis* and *Curran, Klewen & Johnson,* for respondent Ebsary.

*Christopher Pence* and *Pence & Dawson,* for respondent Brack.

SCHOLFIELD, J.—This is an appeal by Pioneer Human Services, Inc. (Pioneer)[1] from an order setting aside a stipulated settlement and judgment. We affirm.

## FACTS

On January 4, 1982, while in the course of his employment as a pharmacist, Edwin Ebsary was robbed and fatally wounded by a work release inmate named Gerald Johnston. Johnston murdered Ebsary as the final act in a 5–month crime spree in which he allegedly committed over

---

[1]Pioneer appealed and the Department of Corrections filed a brief supporting Pioneer.

80 armed robberies and burglaries while under the supervision and control of the Washington Department of Corrections (DOC) and the private contractor that managed the work release facility, Pioneer.

Ebsary was survived by his wife, Rosa Ebsary, and his two children, John Ebsary and Gail Brack. Both children are adults. Because Ebsary died in the course of his employment, Rosa Ebsary was entitled to and did receive workers' compensation benefits from the Department of Labor and Industries (DLI) under the State Industrial Insurance Act, RCW Title 51.

DLI recognized the potential for a third party recovery. Accordingly, it asked Rosa Ebsary to elect to either bring a claim of her own against DOC and Pioneer pursuant to RCW 51.24.060 or to assign the claim to DLI pursuant to RCW 51.24.050. When Rosa Ebsary did not make such an election, the claim was assigned to DLI by operation of law. RCW 51.24.070.

On December 19, 1984, DLI petitioned for an appointment of Rosa Ebsary as personal representative to maintain the action under both RCW 51.24 and RCW 4.20. On that date, the Superior Court issued an order appointing Rosa Ebsary special administrator. This order provides in part as follows:

> 2. *Property.* The property of decedent left in this state includes civil causes of action maintainable only by his personal representative, which causes of actions have been assigned to the State of Washington, Department of Labor and Industries.
>
> 3. *Special Administrator.* Rosa M. Ebsary is qualified to act as the special administrator of decedent's estate for the special and limited purpose of maintaining and concluding litigation upon said causes of action.

The order concludes with an identification of the authority of the special administrator.

> NOW THEREFORE, IT IS HEREBY ORDERED that Letters of Special Administration be issued to Rosa M. Ebsary on filing an oath, said Letters of Special Administration to be for the special and limited purpose of maintaining and concluding litigation on civil causes of action under RCW 4.20 which arose

out of decedent's injury and death of January 4, 1982. Such powers will include the power to negotiate settlements and accept and retain settlement monies or awards in the name of the estate of Edwin T. Ebsary III. Such funds as are collected shall be distributed only with approval of the court.

The Ebsary children have never received DLI benefits. Since their claims were not included in the assignment to DLI, DLI advised the children to obtain independent counsel to represent their respective interests as statutory beneficiaries in the litigation.

Thereafter, a wrongful death and survival action was filed by DLI through Rosa Ebsary, individually and as special administrator of the estate of Edwin Ebsary as plaintiff, and by Ebsary's two adult children, as additional plaintiffs, who were separately represented. The action also included an emotional distress claim by Rosa Ebsary, arising from her presence during the robbery and shooting of her husband. The complaint named both Pioneer and DOC as defendants and alleged negligence for the failure to properly supervise, monitor, and control Gerald Johnston while he was on work release. Neither John nor Gail relied on their father for support. DLI brought the action for the sole purpose of replenishing the State workers' compensation fund. RCW 51.24.050. The adult children brought separate claims pursuant to RCW 4.20.

The claims were joined for judicial economy. On undertaking the action, counsel for DLI, Gail Brack, and John Ebsary agreed to equally contribute legal services to the case and entered into a written understanding regarding allocation of litigation costs, attorney's fees and recoveries. DLI committed in writing that it would not enter into a settlement without "thorough discussion of the effects of the settlement on all the plaintiffs." DLI indicated that it would not attempt a settlement of the children's separate damages without their consent. DLI also asserted that the children could not seek settlement of their separate claims independent of an overall settlement of the case.

On February 29, 1988, it was agreed at a meeting between DLI and coplaintiffs that DLI's assigned claim and the children's claims could be independently settled.

After repeated failed attempts to settle the entire case, DLI met alone with both defendants to discuss settlement of its claim. Thereafter, on October 5, 1988, DLI settled its assigned claims with both defendants. The adult children did not participate, and their claims were not discussed in negotiation. Rather, settlement negotiations focused exclusively on settling the claims of the State.

On October 7, 1988, counsel for DOC drafted and filed settlement papers, including a judgment, release, and stipulation. The release specifically provides in part that

> settlement includes full compensation for any medical, hospital, medication and funeral expenses incurred as a result of Edwin T. Ebsary's injuries and death, for his pain and suffering, and for any other special and general damages for any beneficiary pursuant to RCW 4.20.060.

Almost immediately, it became clear that codefendants planned to use the settlement with DLI to extinguish, to whatever extent possible, any claim of the adult children. On December 23, 1988, DLI filed a motion to amend judgment and a motion to amend and/or vacate the settlement and judgment.

On January 3, 1989, a hearing was held on an order to investigate the validity of the settlement and on DLI's motion to amend the settlement documents. At this hearing, the trial court ruled that the children had a right to pursue their own claims for damages for loss of support and loss of consortium under RCW 4.20.020 and for Edwin Ebsary's pain and suffering under RCW 4.20.060. The court then gave the children the option of either pursuing their claims for damages for their father's pain and suffering or accepting the settlement reached by the personal representative with the defendants, with the court stating that if the children elected to pursue their damage claims, the court would vacate the judgment and settlement. Following the children's election to pursue claims for Edwin Ebsary's

pain and suffering, the judgment and settlement documents were vacated and declared null and void on January 13, 1989.

In its order on the hearing to investigate settlement, the trial court found as follows:

> Plaintiffs Gail Brack and John Ebsary have a right to pursue claims for damages against defendants under RCW 4.20.010–.020 for loss of support damages, including money, goods and services that Edwin Ebsary would have contributed to Gail Brack and John Ebsary had he lived, and for loss of consortium damages, including Gail Brack's and John Ebsary's loss of Edwin Ebsary's love, affection, care, companionship, protection, guidance, and moral and intellectual training and instruction.

Finding of fact 1.

> Plaintiffs Gail Brack and John Ebsary also have a right to pursue claims against defendants under RCW 4.20.060 for Edwin Ebsary's pain and suffering between the time of injury and death, including mental anguish experienced as a result of the decedent's realization of approaching death.

Finding of fact 2.

> The Washington Department of Labor & Industries, plaintiff Rosa Ebsary, defendant Washington Department of Corrections, and defendant Pioneer Human Services had no right or authority to affect the claims of Gail Brack or John Ebsary by the agreements, stipulations, orders and judgments entered in October 1988, purporting to settle claims, dismiss claims and enter judgment on claims in this action.

Finding of fact 3. Because the cash amount of the settlement had already been paid into court, and the annuity which was part of the settlement had been purchased, the trial court entered an order vacating settlement and stipulated judgment as to plaintiff Rosa M. Ebsary and directing return of all settlement funds to defendant State of Washington. This appeal timely followed.

### Trial Court Did Not Abuse Discretion in Vacating the Settlement and Judgment

CR 60 provides in pertinent part as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or

his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

Motions to vacate or for relief from judgments, including stipulated judgments, are addressed to the sound discretion of the trial court, whose judgment will not be disturbed absent a showing of a clear or manifest abuse of that discretion. *Morgan v. Burks,* 17 Wn. App. 193, 197, 563 P.2d 1260 (1977). An abuse of discretion exists only when no reasonable man would take the position adopted by the trial court. *Morgan v. Burks, supra* at 198.

Here, there are compelling reasons supporting the action taken by the trial court. While the claim being asserted against Pioneer and DOC was brought in the name of Rosa Ebsary, as personal representative, as required by RCW 4.20.010, DLI was in control of the litigation and was pressing the claim through its own counsel. DLI's interest was limited to making a recovery to replenish the State workers' compensation accident fund. RCW 51.24.060(1)(c); *Bankhead v. Aztec Constr. Co.,* 48 Wn. App. 102, 737 P.2d 1291 (1987).

In this case, Rosa Ebsary's claims against Pioneer and DOC were assigned by operation of law pursuant to RCW 51.24.070 when Rosa declined to make a voluntary assignment. Thus, the only purpose of the assignment was replenishing of the state accident fund. The assignment did not and could not affect the claims of the Ebsary children because neither of them received workers' compensation benefits. It follows that if DLI had attempted to settle the children's claims, it would have been acting without authority.

There are additional reasons for affirming the trial court's order. The record before the court reflects that DLI made no attempt to settle the children's claims. Those claims were not involved in the settlement negotiations.

There was no participation in the negotiations by the children, either personally or through counsel. The problem giving rise to this appeal arose when a release was executed which went beyond the intended scope of the settlement and included language which Pioneer and DOC now argue operated as a release of the children's claims.

The inclusion of the excessively broad release provisions was a "mistake" within the meaning of CR 60.

In *Morgan v. Burks, supra,* an order of dismissal of a tort claim was later vacated. The issue on appeal was whether the judge vacating the prior dismissal abused his discretion doing so. The court held there was no abuse of discretion because of the strong indications that the plaintiffs had not consented to the dismissal and did not fully understand what was happening or the full implications of the order of dismissal.

The evidence supporting the trial court's order in the case before us is even stronger than in *Morgan.* It is virtually indisputable that there was no actual authority to settle the children's claims. DLI has asserted at all times, including argument before this court, that it never had any intention to settle the children's claims.

> Absent express authority or an informed consent or ratification, attorneys may not waive, compromise or bargain away a client's substantive rights.

*Morgan v. Burks, supra* at 200.

DLI's lack of authority to do anything adversely affecting the children's claims is supported by *State v. Vinther,* 183 Wash. 350, 48 P.2d 915 (1935), where the court held that a widow's election to take compensation under the workmen's compensation act for the wrongful death of her husband and her assignment to the State of her claims against the tortfeasor did not bar the right of action for wrongful death by a personal representative of the deceased for the benefit of the son who was not a beneficiary under the workmen's compensation act. The court specifically held that the State

had no right to prosecute a wrongful death action for statutory beneficiaries who did not receive workmen's compensation benefits.

Unlike *Vinther,* the present case is brought under the current wrongful death statute which requires that all claims be brought by the personal representative in a single lawsuit. From this, Pioneer and DOC argue that the personal representative has the power to settle the suit and that any disagreement as to the amount of the settlement should be dealt with in a subsequent suit against the personal representative.

The answer to this contention lies in the nature of the cause of action for wrongful death and in understanding the role played by the personal representative in bringing suits for wrongful death.

> The right of action "vests" in the personal representative only in a nominal capacity since the right is to be asserted in favor of the members of the class of beneficiaries. Clearly, at the time of the wrongful death when the cause of action accrues, the beneficiaries are then "vested" with the right to the benefit of the cause of action.
>
> The personal representative is merely a statutory agent or trustee acting in favor of the class designated in the statute, with no benefits flowing to the estate of the injured deceased.

*Gray v. Goodson,* 61 Wn.2d 319, 326–27, 378 P.2d 413 (1963).

Following the reasoning of *Gray v. Goodson, supra,* the Supreme Court in *Wood v. Dunlop,* 83 Wn.2d 719, 521 P.2d 1177 (1974) held that settlement of a claim as administrator of the decedent's estate was not binding upon a claim of a minor son because there was no compliance with the statutory requirements that an independent guardian be appointed for the minor son and that there be court approval of the settlement.

The underlying basis of the decision in *Wood v. Dunlop, supra,* is that an unauthorized settlement of a claim of a beneficiary to a wrongful death action can be set aside on that basis. John Ebsary and Gail Brack are not minors, but they are in the same position as the minor

involved in *Wood.* They have a vested claim arising out of the wrongful death of their father, which was purportedly settled without their knowledge or consent. Following the reasoning of *Wood v. Dunlop, supra,* on the facts of this case, Pioneer and DOC can find no support in the fact that a wrongful death claim had to be brought by Rosa Ebsary as the personal representative of Edwin Ebsary's estate.

The order of the trial court vacating the stipulated settlement and judgment is affirmed.

SWANSON and WEBSTER, JJ., concur.